In the Matter of the Application of HARRIS ZIMMERMAN, Respondent, for an Order Directing ABRAHAM D. COHEN, Doing Business as CENTRAL HAT WORKS, Appellant, to Proceed to Arbitration.

**Arbitration — Arbitration Law construed and applied — arbitration agreement like any other agreement may be abrogated by mutual agreement, express or implied, of the parties thereto — when parties to such agreement have waived or abandoned it, either party may bring an action in the courts of the state.**

1. While the Arbitration Law provides for the enforcement of arbitration agreements, there is nothing in the law which prevents the parties agreeing between themselves to resort to any other method of settlement. A provision to arbitrate can be modified by a subsequent agreement based upon a consideration, or waived or abandoned by the agreement or action of the parties. A plaintiff waives the arbitration clause by bringing an action on the contract. A defendant makes his election when he answers setting up a counterclaim, gives notice of trial and procures an order to take a deposition in preparation for trial.

2. The word " irrevocable," as used in section 2 of article 2 of the Arbitration Law providing that an arbitration agreement " shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract," means that the contract to arbitrate cannot be revoked at the will of one party to it, but can only be set aside for facts existing at or before the time of its making which would move a court of law or equity to revoke any other contract or provision of a contract. It does not mean that the agreement to arbitrate is irrevocable by the mutual agreement or consent of the parties.

3. Section 5 of article 2 of the Arbitration Law, which provides for a stay where there is an arbitration clause, merely provides a remedy for the party who desires to enforce the arbitration agreement and seeks relief from an action improperly brought in violation of its terms and conditions. It was not intended to help or assist a party who had intentionally waived and abandoned the arbitration agreement and had chosen another remedy provided by law.

*Matter of Zimmerman,* 204 App. Div. 375, reversed.

(Argued April 16, 1923; decided April 24, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 9, 1923, which reversed an order of Special Term denying an application for an order directing arbitration and granted said application.

*Louis H. Levin* for appellant. The right to proceed with an arbitration provided for by a written agreement is not absolute down to the time of trial, and such right may be waived. (*Clark* v. *West*, 193 N. Y. 349; *Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 N. Y. 450; *Hotchkiss* v. *City of Binghamton*, 211 N. Y. 279; *Phyfe* v. *Eimer*, 45 N. Y. 102; *Cowenhoven* v. *Ball*, 118 N. Y. 231; *Matter of Interocean Mer. Corp.*, 204 App. Div. 284; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261.)

*Ralph H. Blum, Israel F. Vogel* and *Moses Altmann* for respondent. The right to arbitrate the differences between parties is not waived by the interposition of an answer in a suit predicated upon an agreement which specifically provides that all such differences shall be settled by arbitration. (*Gilbert* v. *Platt*, 12 App. Div. 242; 154 N. Y. 760; *Allen* v. *Stevens*, 161 N. Y. 122; *People* v. *Angle*, 109 N. Y. 564; *Adler* v. *Weis & Fisher Co.*, 218 N. Y. 295; *Crowe* v. *Liquid Carbonic Co.*, 208 N. Y. 396; *Hurley* v. *Allman G. E. & M. Co.*, 114 App. Div. 300; *Kneettle* v. *Newcomb*, 22 N. Y. 249; *Sigal* v. *Hatch Co.*, 61 Misc. Rep. 332; *Davis* v. *Bliss*, 187 N. Y. 77; *Tweedie* v. *Clark*, 11 App. Div. 296; *Hoffman* v. *White S. M. Co.*, 123 App. Div. 166.) The right of the respondent to arbitrate the differences between the parties has not been lost by reason of laches. (*Baird* v. *Erie R. Co.*, 72 Misc. Rep. 162; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Matter of Douglas*, 46 N. Y. 42; *Matter of City of Rochester*, 10 N. Y. Supp.

436; *Matter of Coogan,* 59 N. Y. Supp. 111; *French* v. *Edwards,* 80 U. S. [13 Wall.] 506; *Spiritusfabriek, etc.,* v. *Sugar Products Co.,* 230 N. Y. 272.) The right to proceed with an arbitration provided for by agreement is absolute down to the time of trial. (*Rogowski* v. *Brill,* 74 Misc. Rep. 472.)

CRANE, J. The Appellate Division has certified three questions to this court:

1. Is the right to an arbitration waived by the interposition of an answer by a defendant, sued upon an agreement in writing in which the parties have specifically agreed that all differences arising between them shall be settled by arbitration?

2. May the right to an arbitration pursuant to an agreement therefor, contained in the contract in writing, be lost by reason of the applicant's laches in demanding the same?

3. Is the right to proceed with an arbitration provided for by agreement absolute down to the time of trial?

These questions arise on an application made by the defendant for an order directing that the differences between the parties arising out of a contract be submitted to arbitration. The motion is opposed by the plaintiffs on the ground that the defendant has waived his right to proceed by arbitration and has elected to proceed by action in a court of law. The Appellate Division is of the opinion that under the Arbitration Law there can be no waiver of a provision in a contract to arbitrate.

On August 30, 1920, the plaintiffs brought action against the defendant to recover damages for failure to deliver 100 cases of piping to be shipped from China during the months of September, October and November, 1919. The contract was in writing and contained the following provisions:

"Any differences arising between the parties to this

2

contract shall be settled by arbitration in New York unless otherwise specified herein, each party appointing one arbitrator, and in the event of arbitrators not being able to agree, an umpire to be appointed by them in the usual manner. Both parties hereby bind themselves to abide by the decision of the arbitrators and to renounce all right to take legal measure except to enforce the award."

The plaintiffs by bringing the action ignored this provision of the contract; they made no reference to it in their complaint. The defendant under the provisions of the Arbitration Law could have applied to the court to enforce arbitration and to stay all proceedings in the action. Instead of doing so, the defendant answered, setting up as a separate and distinct defense that the contract sued upon provided that it was contingent upon strikes, floods, riots, war, rebellion and other contingencies unavoidable or beyond the control of the defendant and that the defendant was prevented from carrying out his contract as all production was stopped, halted and curtailed by reason of a cholera epidemic or plague in China. The defendant even went further and asked relief of the court by setting up a counterclaim and demanding judgment against the plaintiffs in a large sum. To the counterclaim the plaintiffs served a reply on the 8th day of October, 1920. Thereafter the issue joined by the pleadings was noticed for trial for the December term, 1920, and the defendant served cross-notice of trial. The action was placed upon the calendar of the Supreme Court for trial, No. 4,671. After a delay of nearly two years due to the fact that No. 4,671 had not been reached for trial upon the general calendar of the Supreme Court, and on the 16th day of October, 1922, the defendant made a motion for a commission to issue to the consul general at Chefoo, China, to take testimony of certain witnesses for the purpose of establishing the facts contained in his defense and counterclaim. The motion was granted and the commission issued.

Upon these facts, whatever right the defendant may have had under his contract and the Arbitration Law to enforce arbitration he deliberately waived; he chose and elected to proceed by an action in court for the determination of the respective claims. While the Arbitration Law provides for the enforcement of arbitration agreements, there is nothing in the law which prevents the parties agreeing between themselves to resort to any other method of settlement; the law does not bar the parties to the contract from coming into the courts of the state if they mutually choose to do so. The provision for arbitration was of no more binding force than any other provision of the contract. The Arbitration Law was passed to provide a means for enforcing an agreement to arbitrate; it did not otherwise change the law of contracts which is as applicable to such an agreement as to other terms and conditions. This provision, therefore, to arbitrate could have been modified by a subsequent agreement based upon a consideration, or waived or abandoned by the agreement or action of the parties.

The facts in this case show that the parties elected to settle their disputes not by arbitration but in a court of law. The arbitration provision of the contract was abandoned or waived. The plaintiffs made their election when they brought their action against the defendant ignoring the agreement to arbitrate. The defendant made his election when he answered, setting up a counterclaim upon which he asked the court to give judgment against the plaintiffs, gave notice of trial and procured an order for the taking of a deposition in preparation for trial. These acts were clearly inconsistent with the defendant's later claim that the parties were obligated to settle their differences by arbitration.

We find nothing in the law which prevents such an abandonment, waiver or election of remedies. In fact if the legislature should attempt to prevent parties from modifying their agreements to arbitrate or to subsequently

agree to enter the courts of law for the settlement of their disputes, it would be such an abridgement of the right of citizens to contract that the constitutionality of the law might well be doubted. Section 2 of article II of the Arbitration Law (Cons. Laws, ch. 72, as amd. by L. 1921, ch. 14) reads as follows:

"A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract, or a submission hereafter entered into of an existing controversy to arbitration pursuant to title eight of chapter seventeen of the code of civil procedure, or article eighty-three of the civil practice act, shall be valid, enforcible and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."

The word " irrevocable," here used, means that the contract to arbitrate cannot be revoked at the will of one party to it, but can only be set aside for facts existing at or before the time of its making which would move a court of law or equity to revoke any other contract or provision of a contract. It does not mean that the agreement to arbitrate is irrevocable by the mutual agreement or consent of the parties.

Section 3 of article II provides that a party aggrieved by the failure, neglect or refusal of another to perform under a contract providing for arbitration may petition the Supreme Court for an order directing that such arbitration proceed in the manner provided for in such contract. The defendant in this case made no such application as was contemplated by this law. He consented to and acquiesced in the neglect and refusal to arbitrate. In fact he participated in the failure and neglect to arbitrate by, himself, seeking judgment in a court of law against the plaintiffs. It was not until the action, which he himself had noticed for trial, had been almost reached for a hearing that he made this application to enforce the arbitration agreement. It was then too late. The

Arbitration Law was passed to expedite and facilitate the settlement of disputes and overcome the delay caused by litigation. It was not intended that such law should be used as a means of furthering and extending that delay.

Section 5 of article II of the Arbitration Law reads as follows:

" If any suit or proceeding be brought upon any issue otherwise referable to arbitration under a contract or submission described in section two, the supreme court, or a judge thereof, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under a contract containing a provision for arbitration or under a submission described in section two, shall stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."

This section provides a remedy for the party who desires to enforce the arbitration agreement and seeks relief from an action improperly brought in violation of its terms and conditions. It was not intended to help or assist a party who had intentionally waived and abandoned the arbitration agreement and had chosen another remedy provided by law.

For the reasons here stated the order of the Appellate Division must be reversed and that of the Special Term affirmed, with costs in this court and Appellate Division, and questions certified answered as follows: First and second questions not answered; third question answered in the negative.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, Mc-LAUGHLIN and ANDREWS, JJ., concur.

Ordered accordingly.