In the Matter of the Application of PHILIPP BAUER COMPANY, Respondent, for an Order Directing that Arbitration Proceed between Itself and ANDERSON CHEMICAL COMPANY, Appellant.

First Department, November 2, 1923.

Arbitration — proceedings to compel arbitration under contract — right to arbitrate waived where petitioner in action on contract answers without demanding arbitration — petitioner cannot subsequently demand right to arbitrate upon service of amended complaint which pleaded same cause of action.

The right of the petitioner to compel arbitration under the terms of a contract is waived where it appears that in an action against it to recover on the contract it interposed an answer in which it did not assert its right to arbitration or demand that arbitration proceed, and the effect of its waiver is not overcome where it appears that instead of answering an amended complaint which pleaded the same cause of action, it demanded that the matters in controversy be submitted to arbitration, especially where such demand was made nearly three years after the action was commenced.

APPEAL by the Anderson Chemical Company from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1923, directing that arbitration proceed pursuant to the terms of a written contract between the parties.

*John T. McGovern* [*Joseph Dannenberg* of counsel], for the appellant Anderson Chemical Company.

*L. J. Morrison* of counsel, for the respondent Philipp Bauer Company.

DOWLING, J.:

On December 1, 1919, a written agreement was entered into between the parties to this proceeding for the sale by Philipp Bauer Company to Anderson Chemical Company of ten tons good commercial fusel oil, guaranteed not to contain more than ten per cent of water and alcohol combined, at the price of eighty-five dollars per 100 kilos c. i. f., New York. This agreement contained a provision for arbitration as follows:

" III. In case of any dispute which should arise under this contract, all differences have to be decided by arbitration of two arbitrators, one appointed by each party, who will have to decide with what allowance the goods are to be kept. In case these arbitrators cannot agree they have to choose an umpire whose decision shall be final and binding for both parties."

On February 4, 1920, the bill of lading and invoice for the goods, and draft for acceptance, were presented to Anderson Chemical Company, which on February 19, 1920, accepted the documents tendered and paid for the same. On or about November 4, 1920, Anderson Chemical Company brought suit in the Supreme Court, New York county, against the Philipp Bauer Company to recover the sum of $2,422.07 damages for a shortage of quantity in the merchandise delivered under the contract.

The complaint in that action set forth three causes of action: (1) For the actual shortage in the amount of fusel oil delivered of 6,269 pounds, for which plaintiff had paid defendant the sum of $2,422.07. It was alleged that the shipment when made had contained the quantity of goods shown by the invoice, but there had been leakage from the drums in transit to the amount indicated, for which no recovery was possible under the insurance policies delivered by defendant to plaintiff, as they contained no provision insuring against leakage; (2) that a special agreement had been made between the parties on February 4, 1920, whereby plaintiff, who had been notified by defendant that the shipment of oil contained about eleven and one-half, instead of ten tons, agreed to " accept the entire shipment and pay for it according to the purchase price provided for, in the event that the defendant would guarantee [without] qualification or condition, that the said goods were intact and contained eleven and one-half ($11\frac{1}{2}$) tons approximately as shipped, and that if there were any deficiency * * * the defendant had duly insured said goods against any leakage, and that the plaintiff would be able to collect for the same from the insurance companies, and the plaintiff did thereupon accept said shipment and pay for the same, and the defendant did guarantee the intactness of said shipment, and that there was good and valid insurance against leakage as aforesaid;" (3) that defendant had falsely represented to plaintiff, in order to induce it to accept an alleged shipment of eleven and one-half tons of oil and pay for same, that defendant had insured the goods against leakage, which was not true in fact. There was but one judgment demanded, which was for the sum of $2,422.07, with interest.

The amended answer of the defendant Philipp Bauer Company verified January 4, 1921, set up three defenses. The first was in

effect a general denial of the allegations of the complaint; the second, that over the eleven and one-half tons (instead of ten tons) plaintiff had exercised an option given it by defendant to accept all the shipment upon the same terms as the original order; the third, that the oil was contained in metal drums of the kind usually used as containers therefor, free from holes or breaks, and that they were received by the shipper in good order.

Nowhere in its answer, directly or indirectly, did the defendant refer to the provision for arbitration in the contract between it and plaintiff, or assert its right to arbitration, or demand that arbitration proceed.

With the issues thus made and duly submitted to the determination of the courts, both sides served a notice of trial, and the case finally came on for trial at Trial Term, Part XVI, on June 4, 1923. The justice presiding thought that the complaint required amendment and that a juror should be withdrawn, and suggested that he would arbitrate the matters in dispute himself, if the parties agreed. They did so, but only orally; and when an award was made by him in favor of plaintiff, defendant's counsel refused to accept the same and said he preferred to go on with the trial. Thereupon the justice gave leave to plaintiff to withdraw a juror, and to serve an amended complaint upon payment of sixty dollars costs.

The amended complaint was thereupon served on June 11, 1923, and instead of answering thereto, defendant served a written demand on plaintiff that the matters in controversy be submitted to arbitration, pursuant to the contract, and presented to the court its petition that arbitration proceed, with a notice of motion to that effect, dated June 23, 1923. From the order granting that motion the present appeal is taken.

The amended complaint sets forth but one cause of action. It is based substantially on the same allegations of fact as the original complaint, but recovery is limited to the claim that leakage had taken place during transit and that defendant had failed to procure proper policies of insurance for plaintiff's benefit, insuring against leakage. It is practically the first cause of action set forth in the original complaint, the second and third being abandoned. The prayer for judgment is precisely the same, $2,422.07, with interest from February 19, 1920.

In *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15) Judge CRANE said (at p. 19): "The facts in this case show that the parties elected to settle their disputes not by arbitration but in a court of law. The arbitration provision of the contract was abandoned or waived. The plaintiffs made their election when they brought their action

against the defendant ignoring the agreement to arbitrate. The defendant made his election when he answered, setting up a counterclaim upon which he asked the court to give judgment against the plaintiffs, gave notice of trial and procured an order for the taking of a deposition in preparation for trial. These acts were clearly inconsistent with the defendant's later claim that the parties were obligated to settle their differences by arbitration."

In the present case the petitioner, the defendant in the original action, interposed an answer, served a notice of trial, and never asserted any intention of standing upon the provision for arbitration during the period of nearly three years while the action was pending awaiting trial. It was not until after subjecting plaintiff to this long delay that it sought to assert, for the first time, its right to arbitration, instead of answering an amended complaint, which in no material particular varied from the first cause of action in the original complaint to which it had served an answer and an amended answer, without setting up any assertion of its right to have the dispute arbitrated.

I am of the opinion that petitioner, by its course of conduct and long silence, had waived its right to arbitrate and elected to have the controversy adjudicated by the courts, and that, therefore, the order requiring arbitration should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.