David Samuels and Another, Copartners, Trading as Samuels & Ende, Plaintiffs, *v.* Louis Samis, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, Fourth District, November 6, 1924.

Sales — action for goods sold and delivered — sellers refused to unload store fixtures, subject of contract, or permit inspection by buyer in advance of payment — buyer entitled to inspection under Personal Property Law, § 128 — sellers violated contract in failing to make delivery in face of buyer's willingness to make payment and tender thereof — buyer may recover on counterclaim — buyer deemed to have waived right to arbitration by failure to insist upon it prior to trial, in absence of stipulation in arbitration clause making arbitration condition precedent to maintenance of action.

A seller who tenders delivery of goods to a buyer is bound under section 128 of the Personal Property Law, on request, to afford the buyer a reasonable opportunity of examining the goods in order to ascertain whether they are in conformity with the contract of purchase.

Accordingly, the sellers' complaint in an action for goods sold and delivered should be dismissed and a judgment entered for the amount paid on account and set up in the buyer's counterclaim, where it appears that the sellers refused to unload the subject of the contract, store fixtures, or permit an inspection of the merchandise by the buyer in advance of payment, though the buyer tendered payment, since there was a clear violation of the contract on the sellers' part in failing to make delivery.

Failure of either party to invoke the benefit of the Arbitration Law, in the absence of a stipulation in an arbitration clause in the contract to the effect that no right of action should accrue until after the submission of a dispute arising under the contract to arbitrators, bars the buyer from asserting that the action is not maintainable, since by not insisting upon any right of arbitration which he may have had prior to the trial, he must be considered to have waived it.

Action for goods sold and delivered by plaintiffs to defendant.

*Levinson & Feinsod* [*Irving Levinson* of counsel], for the plaintiffs.

*Lesser & Lesser* [*Harry Lesser* of counsel], for the defendant.

Lauer, J.:

This is an action to recover the sum of $575.   The cause of action as stated on the summons is an "Action for goods sold and delivered by plaintiffs to the defendant, which goods were made specially for the defendant for the agreed price of $650.00."

It appears without dispute that seventy-five dollars was paid on account of the purchase price.   The contract called for the payment of two hundred and fifty dollars on delivery.  The evidence showed, however, that in anticipation of this payment, twenty-five dollars

had been paid in cash and fifty dollars by check.    The payment of this check was subsequently stopped.

It appears that the contract covered certain partitions, show cases and fixtures suitable for a butcher shop, part of which were specially manufactured for the defendant and suitable for his place and not generally suitable for other shops.    It appears that within proper time, the plaintiffs loaded the fixtures, the subject of the contract, upon a truck and conveyed them on a truck in front of the defendant's premises, whereupon and prior to unloading them, plaintiffs insisted upon payment of the amount then due.    The defendant offered to give plaintiffs a check but insisted, before payment, upon the merchandise being unloaded.

The defendant insists that he had the right to inspect the goods before he was obligated to accept delivery and make the payment which was due on the delivery of the merchandise.    Section 128 of the Personal Property Law (as added by Laws of 1911, chap. 571) provides (subd. 2): " Unless otherwise agreed, when the seller tenders delivery of goods to the buyer, he is bound, on request, to afford the buyer a reasonable opportunity of examining the goods for the purpose of ascertaining whether they are in  conformity with the contract."

The merchandise was on the truck in front of the defendant's place of business but the plaintiffs refused to unload the truck to afford the defendant the opportunity of examining the merchandise. I think under the statute quoted and numerous cases supporting it, the plaintiffs violated their contract with the defendant in failing to make the delivery, the defendant being willing to make and tendering payment.    (*Plumb* v. *Bridge*, 128 App. Div. 651.)

I see nothing in the case which would justify the sellers' position in attempting to place the buyer in default by depriving him of his right to an examination of the goods.

It follows from this that the defendant is entitled to defeat the plaintiffs' claim and to succeed on his counterclaim for the amount paid on account of the merchandise prior to the time of delivery, to wit, seventy-five dollars.

While this disposition of the matter makes unnecessary a decision in respect to that provision of the contract containing the arbitration clause, since that issue has been presented, it may not be amiss for me briefly to refer to it.

The claim is made by the defendant that this action is not maintainable because of the arbitration clause in the agreement.    This clause reads as follows:

" The parties do hereby agree to submit all differences, controversies and matters in dispute in reference to any of the work,

or labor or services performed by the seller or any of the materials, or articles, or chattels furnished by the seller, or in reference to any plans and specifications or their interpretation, or in reference to what items are included in this contract, or in reference to construction or interpretation of construction, or in reference to any extra articles or materials furnished or claimed to have been furnished by the seller, or in reference to any claims for damages or breach of contract, by the purchaser, to the award and final determination of the Arbitration Board of the N. Y. Store Fixtures Mfrs. Association, 277 Broadway, New York, N. Y., or to any three arbitrators designated by said Board, to arbitrate such matter. The decision of a majority of said Arbitration Board or of said Arbitrators shall be final and binding, and conclusive on the parties hereto, who hereby covenant to abide by such award, or decision or determination.

"A demand for such arbitration may be made by either party either orally or in writing and a letter mailed by either party to the other at the address above indicated, or the last known address, shall be sufficient demand for such arbitration and notice thereof."

The defendant at the time of trial for the first time interposed the defense that under the arbitration clause in the agreement just quoted, an arbitration was a condition precedent to the maintenance of the action. The arbitration clause, however, does not contain a stipulation that an arbitration is a condition precedent to the maintenance of the action. Neither party to the dispute asked that the dispute be arbitrated at any time. Under the provisions of the Arbitration Law of the State of New York (Laws of 1920, chap. 275) any party aggrieved by the failure, neglect or refusal of another to perform under a contract providing for arbitration has the right to petition the Supreme Court for an order directing that such arbitration proceed, and section 5 of the Arbitration Law provides for a stay of proceedings of the trial pending such an arbitration. The benefit of this statute was not invoked by either party to the dispute. Any right to an arbitration must be considered as waived where it was not insisted upon prior to the time of the trial in court. (*Matter of Bauer Co.*, 206 App. Div. 423.)

A party may covenant that no right of action shall accrue until after the submission of a dispute arising under the contract to arbitration. Such agreements are enforcible. (*Matter of Scott*, 200 App. Div. 599.) But no such provision is contained in the arbitration clause in the agreement involved in the present case. The arbitration clause here involved offers no defense to this action.