The Arbitration Law is based on contract. There can be no arbitration enforced upon the parties by the courts in the absence of contract. The contract of arbitration is to be construed like any other contract and all its terms and conditions given *Page 410 
force and effect unless they are against public policy or illegal. (Matter of Zimmerman v. Cohen, 236 N.Y. 15.)
Article 2, sections 3 and 4 of the Arbitration Law are based upon a previous existing contract. If the contract provides how an arbitrator shall be appointed in case of failure or neglect of one to act, this method must be pursued. The court acts only on failure of the parties to live up to the contract. There is nothing in the law that prevents the parties from contracting for the appointment of three arbitrators, and that if one should resign after the hearings were closed, and before decision, another should be appointed in his place. In fact, this is what happens in case of death. Should one of three arbitrators die at the end of the hearings and before decision, another arbitrator, in my opinion, would have to be appointed to take his place. An award by the two living arbitrators would be void.
The result is the same when one of the arbitrators ceases to exist as such by resignation. He is actually dead to the proceeding. The case would be different if his resignation was brought about by the action of the party appointing him, or was done in bad faith. We must assume in this case, after the unanimous affirmance, that Osborn's resignation was in the utmost good faith; and it is conceded that the respondents are not the cause, but the sufferers. They contracted for just such an emergency in the very first paragraph of the arbitration agreement. "* * * In the event that Frank H. Osborn shall refuse to act as such arbitrator or, having accepted the appointment hereunder, shall later cease to act as such arbitrator through death, resignation or otherwise, the parties of the first part shall (1) elect an arbitrator from among the individuals named in the list of `Proposed Arbitrators,' annexed hereto."
The opinion of this court in my judgment amends and modifies this contract. The resignation of Osborn, it says, must take place before the hearings have ended and *Page 411 
not after. There is no such limitation in the contract. The parties have agreed otherwise, and as I have before stated, I do not think the law prevents them from making such an agreement. Such a limitation does not apply, I take it, in case of Osborn's death after a hearing and before decision. Why should there be this limitation in the one instance and not in the other? Of course we must assume that there was the utmost good faith in the resignation. Bad faith changes all things. The cases where an arbitrator deliberately resigns in order to prevent an adverse decision can be dealt with when they arrive. This is not such a case.
The contract having provided for an arbitration, the decision was as important as the hearings. The respondents were entitled to an arbitrator appointed by them to discuss the case and present his views, whatever they were, and both parties were entitled to there arbitrators able to act and functioning as such at the time of the decision, although the majority vote of the three could make the decision. (Civ. Prac. Act, sect. 1453.)
Such is the contract as I read it, which the parties have made. For these reasons I dissent.
HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur with POUND, J.; CRANE, J., reads dissenting opinion.
Orders reversed, etc.