In the Matter of the Arbitration between AQUA MFG. Co., INC., Petitioner, and H. WARSHOW & SONS, INC., Respondent.*

Supreme Court, Special Term, New York County, February 8, 1943.

*Bernard A. Grossman* for petitioner.

*Herman Mendes* for respondent.

WALTER, J. Petitioner seeks to compel arbitration under three contracts, each of which provides: " All controversies arising out of or relative to the contract, or any modification thereof, shall be settled by arbitration in accordance with the Arbitration Rules of The Silk Association of America, Inc., or its successors." Respondent admits the making of all three contracts and does not object to arbitration under the one last made. It claims, however, that the two contracts first made were cancelled by mutual agreement, and urges that it cannot be compelled to arbitrate under a contract which has been so cancelled. Petitioner counters with the assertion that the alleged cancellation was conditioned upon respondent's doing things which it has not done.

That the questions thus presented are not free from difficulty is made manifest by the different results reached and the different division among the judges in *Matter of Kramer & Uchitelle, Inc.* (288 N. Y. 467) and *Matter of Lipman* v. *Haeuser Shellac Co.* (289 N. Y. 76), both decided on the same day.

In the *Uchitelle* case five judges concurred in an opinion which stated that proceedings to enforce arbitration " presuppose the existence of a valid and enforceable contract at the time the remedy is sought," and that " challenge may be made to the court to the existence of such a contract " (p. 471), and arbitration was there refused upon the ground that the contract had been terminated by frustration resulting from governmental action. Two judges dissented upon the ground that,

---

* Affd. 266 App. Div. 718, motion for leave to appeal to Court of Appeals denied 266 App. Div. 767

as a contract providing for arbitration had been made, the question as to the effect of the governmental action upon the contract was a question for the arbitrator. In the *Lipman* case arbitration was ordered despite a claim that the contract had been cancelled, the holding being that the issue arising upon the defense of cancellation should be submitted to the arbitrator. Two of the judges who made up the majority of the court in the *Uchitelle* case dissented, and the two who dissented in that case concurred in the result for the reasons stated in their dissenting opinion in that case. It would seem, therefore, that four judges of the Court of Appeals think those two cases inconsistent with each other.

In connection with those cases there should be noted *Matter of Kahn (National City Bank)* (284 N. Y. 515, 523) in which arbitration was ordered despite a claim that one party to the agreement had breached it in respects so substantial as to justify rescission, and it was there said that whether or not there was ground for rescission could not be determined upon the motion to compel arbitration.

To my mind the striking difference between the *Uchitelle* and *Lipman* cases is that in the former the thing put forward as having put an end to the contract was the act of the government, whereas in the latter the thing so put forward was the act of the parties themselves, and if permitted to express my view I would say that the controlling feature was, not the continued existence or prior termination of the contract when the proceeding to compel arbitration was brought, but that the parties clearly intended to arbitrate disputes arising from their own acts respecting their contract and just as clearly did not intend to arbitrate the legal effect of governmental action upon their contract. At all events, I think that is the distinction which lower courts must draw in attempting to follow and apply those decisions.

The effect of the decisions thus far made by the Court of Appeals thus seems to me to be this: Whether or not the parties made a contract to arbitrate is to be decided by the court upon the motion to compel arbitration, regardless of whether that question be one of law or of fact and even though it involve inquiry whether the apparent consent of one party is actually unreal because, for example, it was induced by fraud or duress. (Compare *Murray* v. *Narwood*, 192 N. Y. 172, 177; see *Matter of Lipman* v. *Haeuser Shellac Co., supra,* 79; *Matter of Newburger* v. *Gold,* 255 N. Y. 532.) Where such a contract has been

made, arbitration must be ordered, even though it is claimed to have been cancelled by act of the parties (*Matter of Lipman* v. *Haeuser Shellac Co., supra*), and also even though one party has so acted as to give grounds for the rescission thereof unless rescission already has been obtained by judicial decree. (*Matter of Kahn* [*National City Bank*], *supra*.) But where such a contract, even though made, is but an incidental part of an indivisible contract for other things, and such contract has been ended by *force majeur,* or at least otherwise than by act of the parties, the contract to arbitrate falls along with the other parts of the contract and arbitration will not be ordered. (*Matter of Kramer & Uchitelle, supra*.)

This case falls within *Matter of Lipman* v. *Haeuser Shellac Co.* (*supra*) and the motion to compel arbitration is accordingly granted.

Settle order.