In the Matter of the Arbitration between Hyman Feld, Doing Business as H. Feld Company, Petitioner, and Horch-Oppenheimer, Inc., Respondent.

Supreme Court, Special Term, New York County, March 26, 1948.

*Sim C. Binder* for petitioner.

*Jesse Sobol* for respondent.

Eder, J. Motion for stay is granted. The petitioner seeks an order staying respondent from taking any further steps, actions or proceedings in the Municipal Court action until the arbitration proceeding between the parties hereto arising out of the controversy referred to in the petition is terminated.

It appears that on or about February 6, 1948, petitioner entered into a written agreement with respondent involving the sale of certain piece goods therein described. It is respondent's claim that petitioner agreed, represented and warranted that the merchandise was perfect, of first quality and in all

respects equal to the samples shown and that on examination of the goods it was found that it failed to correspond to the samples, warranties or representations made by the petitioner, that the merchandise was imperfect, unmerchantable and wholly unsalable; that petitioner was advised of this condition and respondent offered to return the merchandise to petitioner and demanded back the purchase price which had previously been paid; that respondent refused to accept the return of the merchandise or return the purchase price.

Clause 18 of the said agreement provides, as follows: "18. All controversies or claims arising out of or relating to this contract or the breach thereof shall be settled by arbitration in accordance with the rules then obtaining of the American Arbitration Association except that any controversy or claim relating to the quality or condition of the merchandise shall be determined by arbitration according to the rules then obtaining of the Mutual Adjustment Bureau of the Cloth and Garment Trades of the City of New York. If the goods have been delivered to the Buyer, he shall within five days after demand by the Seller, forward the goods to the Mutual Adjustment Bureau of the Cloth and Garment Trades of the City of New York and the Buyer's failure to forward the merchandise shall duly constitute a waiver of any claim as to the quality or condition. Hearings upon all arbitrations shall be held in the City of New York. Judgment upon any award may be entered in the Supreme Court of the State of New York, County of New York, or any court having jurisdiction thereof."

Notwithstanding clause 18 respondent commenced an action against petitioner on March 8, 1948, in the Municipal Court, Manhattan, Third District, based upon his aforesaid claim; issue has as yet not been joined therein. On March 12, 1948, petitioner caused to be served upon respondent a notice of intention to conduct an arbitration proceeding in connection with the dispute and controversy which respondent herein alleges in its complaint in the aforesaid action.

Respondent contends that it rescinded the contract by reason of the breach of warranty by petitioner and that it had this right under section 150 of the Personal Property Law and that to compel arbitration would enable the petitioner to circumvent the provisions of said section 150.

I am unable to concur in this view. If this premise is to be upheld, it seems to me to be a method which could be employed to circumvent the specific agreement to submit *all* controversies

or claims arising out of or relating to the contract or the breach thereof, which certainly includes the claim of breach asserted by the respondent. Whatever rights or remedies respondent might have had under the provisions of the Personal Property Law were necessarily waived by specifically agreeing to submit to arbitration all claims or controversies arising out of or relating to the contract or the breach thereof. A party may waive a statutory right created for his benefit and I see no force to respondent's contention.

The well-established law is that where the contract between the parties contains an arbitration clause providing for the settlement of all controversies or claims arising therefrom or the breach thereof by arbitration, in such event the same must be settled by arbitration and any suit or other proceeding instituted will be stayed and the matter directed to determination by arbitration (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15).

I see no merit to the opposition and the motion is granted. Settle order.