Appeal from an order of the Supreme Court made at Albany Special Term which directed that appellant and petitioner-respondent proceed to the arbitration of a labor dispute. The dispute or difference which the order appealed from has directed to arbitration, arose June 27, 1949. The record shows this dispute to have grown out of prior differences which arose between the parties, after their labor agreement of August, 1948, and of which the National Labor Relations Board had taken cognizance. The labor agreement contained an arbitration clause in pursuance of which an arbitration proceeding over the dispute of June 27, 1949, was started at the instance of the employer-respondent. On the day of the hearing before the arbitrators then chosen by the parties, the employer-respondent filed charges against the appellant union which involved the very dispute which prompted the inception of the arbitration proceeding. As a result of the hearing in arbitration the dispute was not reached for decision upon the merits because of a deadlock. Thereafter the appellant union failed and refused to proceed further in arbitration and the petitioner-respondent brought an action in the United States District Court for the recovery of damages for breach of the labor agreement of August, 1948, and therein alleged as one of the breaches not only the failure to arbitrate but among other things the merits of the dispute which has now been compelled to arbitration. Upon the record which was before the Special Term it is our opinion that the conduct of the employer, the petitioner-respondent, as aforesaid, constituted such an abandonment of the arbitration agreement that it may not now compel its enforcement. (Matter of Zimmermann v. Cohen, 236 N. Y. 15; Matter of Young v. Crescent Development Co., 240 N. Y. 244.) Order reversed, on the law and facts, with 10 costs and taxable disbursements. Heffernan, Brewster, Deyo and Bergan, JJ. concur; Foster, P. J., dissents in the following memorandum: I dissent and vote to affirm. The proceeding taken before the National Labor Relations Board and the complaint filed for damages were not such acts as would estop the employer from compelling, arbitration in my opinion. At least we should not say as a matter of law that either or both constituted an election of remedies (Matter of Aqua Mfg. Co. [Warshow & Sons], 179 Misc. 949, affd. 266 App. Div. 718).