■ In the Matter of the Arbitration between BERTHA GERAKARES et al., Appellants, and GEORGIA CAMARINOS et al., Respondents.— In a proceeding to compel arbitration, the appeal is from an order denying the application and dismissing the petition, and on reargument adhering to the original determination. Order unanimously affirmed, with costs. If any arbitrable dispute at all exists between the parties, the only such dispute disclosed by the record involves the election of directors of the corporation in violation of the alleged contract by the stockholders to vote their stock in agreement and as a unit on all questions affecting the management, conduct and operation of the corporation, or relative to its business. The record does not disclose that the stockholders as such had any control over the election of corporate officers or the hiring or discharge of employees. Allegations to the effect that notice had been given of a stockholders' meeting at which the stockholders would consider, discuss and vote on dissolution of the corporation, to which appellants object, tender no present or subsisting dispute which may be decided by arbitrators. Concededly appellants resorted to a proceeding under section 25 of the

General Corporation Law to set aside the election of the directors, and concededly their application for such relief was denied at Special Term. The commencement and prosecution of that proceeding constitute an irrevocable election of an inconsistent remedy and a waiver of whatever rights the appellants may have had under the alleged arbitration agreement (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15; *Matter of Cooper Hats* [*Kadis*], 285 App. Div. 937, affd. 309 N. Y. 705). An examination of the county clerk's original file in such proceeding discloses that the other stockholders, while not joined nominally as parties thereto, nevertheless actually appeared before the court and filed affidavits in opposition to the relief requested. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. [See *post*, p. 894.]