Arthur Markewich, J.
This is a motion to stay the action pending arbitration. The parties entered into an agreement on April 13, 1956 which agreement provided for arbitration of any and all disputes arising under the contract. By subsequent agreement dated February 27, 1957, the parties agreed to terminate the contract of April 13, 1956 upon certain conditions, and the defendant then released any claim against the plaintiff and the plaintiff released the defendant under the contract.
*216 The defendant now seeks to stay the action on the latter contract claiming that there was misrepresentation made by the plaintiff to the defendant which it believed true and that it therefore disavows such contract and desires arbitration pursuant to the April 13, 1956 contract.
Arbitration presupposes the existence of a contract to arbitrate (Finsilver, Still & Moss v. Goldberg, Maas & Co., 253 N. Y. 382). The contract of April 13,1956, which required arbitration, was cancelled by the agreement of February 27, 1957, an act which was within the powers of the parties to do (Matter of Zimmerman v. Cohen, 236 N. Y. 15, 20). The defendant seeks to revive the agreement of April 13, 1956 because the alleged misrepresentations asserted but such such allegation is unsupported by a single evidentiary fact. The defendant cannot revive the agreement of April 13, 1956 until the agreement of February 17, 1957 is set aside by an action in equity brought for that purpose (Matter of John Remeny, Inc. [Jolico Textile Co.], 274 App. Div. 916, motion for leave to appeal denied 274 App. Div. 985; Matter of Binger [Tatcher], 279 App. Div. 650). There is no dispute arising out of the February 27, 1957 agreement. The arbitration is sought pursuant to the agreement of April 13, 1956, which no longer exists and has no force or effect whatsoever (Matter of Minkin [Halperin], 279 App. Div. 226, affd. 304 N. Y. 617).
Accordingly, the motion is denied.