In the Matter of the Arbitration between Stein-Tex Inc., Appellant, and Ide Manufacturing Co., Ltd., Respondent.

First Department, December 8, 1959.

*Samuel Kalmanash* for appellant.

*David Sklaire* of counsel (*Ostrow, Goldman & Sklaire,* attorneys), for respondent.

*Per Curiam.* Involved in this appeal is whether a general release, the generality of which is disputed between the parties, prevents arbitration of disputes arising under contracts which antedated the general release.

The rule would now seem to be settled that subsequent acts or documents purporting or claimed to terminate an agreement containing a broad arbitration clause, if in dispute, raise issues for the arbitrators and not for the court (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76; *Matter of Aqua Mfg. Co.* [*Warshow & Sons*], 179 Misc. 949, affd. 266 App. Div. 718).

This has been so held specifically as to a release (*Matter of City Sewing Center* [*Portman Sewing Mach. Co.*], 279 App. Div. 784, motion for leave to appeal denied 279 App. Div. 893, motion for leave to appeal denied 304 N. Y. 986). In that case this court affirmed, without opinion, the holding of Mr. Justice RABIN, then at Special Term, to the effect that '' The question whether the release terminated the contract containing the arbitration clause and ended all liability of the movant to City Sewing Center, Inc., is one to be decided by the arbitration tribunal and not by the court [citing the *Lipman* and *Aqua Mfg. Co.* cases, *supra*].''

Quite different is the situation, as pointed out by Special Term, where there is undisputed cancellation of the agreement and the issue raised is fraud in the inducement of such cancellation. (*Matter of Minkin* [*Halperin*], 279 App. Div. 226, affd. 304 N. Y. 617.)

Accordingly, the orders denying petitioner's motion to stay arbitration should be affirmed, on the law and the facts, with costs to respondent-respondent.

BOTEIN, P. J., BREITEL, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Orders unanimously affirmed, on the law and on the facts, with $20 costs and disbursements to the respondent.