Jacob J. Schwartzwald, J.
In a special proceeding plaintiff moves to stay an arbitration proceeding, or in the alternative, to limit the scope of such arbitration. The named defendant, hereinafter referred to as the respondent, heretofore served a demand upon the plaintiff, hereinafter referred to as the petitioner, for arbitration of his claim for (1) damages for breach of a partnership agreement, (2) a determination of his status as a partner and (3) for an accounting as such partner.
The partnership agreement governed the relationship of the physicians who comprised the membership of the petitioner, a unit operating under the Health Insurance Plan of Greater New York, commonly referred to as H. I. P. After inception the partnership contract, containing a broad arbitration clause, was modified by unanimous agreement of the partners to authorize future amendments to the agreement to be made by a vote of only three fourths of the membership.
The respondent member challenges, for lack of notice and lack of a three-fourths vote, the validity of two resolutions adopted in 1953 and 1958, respectively, which purport to amend the partnership agreement by reducing the respondent’s status *911 first to a one-half interest and then by directing his complete retirement from the partnership over Ms objections.
The petitioner, on the other hand, asserting the adoption of the foregoing resolutions, argues (1) that the respondent is no longer a member of the partnership by virtue of the 1958 resolution, and, since there is no longer in existence between the respondent and the petitioner a “ valid” contract upon wMch to predicate a claim for arbitration, the respondent does not present an arbitrable dispute, (2) that in any event the respondent, by virtue of having accepted half-time work from the petitioner, mandated by the 1953 amendment, for a period of almost five years, is estopped from now asserting a right to arbitrate the validity of the 1953 amendment, and (3) that the respondent by accepting limited work for a period of one year after having been retired by the petitioner pursuant to the 1958 amendment was estopped from challenging the validity of such amendment in arbitration proceedings.
The petitioner urges in effect that the respondent’s right to arbitrate under the partnersMp agreement terminated upon his being severed from the partnership by the action of the other members thereof in terminating respondent’s interest as a member of the partnersMp. With tMs conclusion, the court cannot agree. Such action could not terminate the efficacy of the arbitration clause as an instrumentality for the determination of the issues raised regarding the validity and legality of the two amendments as well as to any question of estoppel by virtue of respondent’s actions, since it is for the arbitrators to decide what the partnersMp agreement, as purportedly amended, 11 means and to enforce it according to the rules of law wMch they deem appropriate in the circumstances.” (Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 334.) The issue of the contract termination between respondent and the petitioner must be decided by the arbitrators. (See Matter of Exercycle Corp. [Maratta], supra, p. 337 ; Matter of Aqua Mfg. Co. [Warshow & Sons], 179 Misc. 949, affd. 266 App. Div. 718 ; Matter of Nu-Batts Corp., 81 N. Y. S. 2d 284 ; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76.)
The issue involved, being essentially one of construction and interpretation, it is without doubt for the arbitrators to decide (Matter of Exercycle Corp. [Maratta], supra, p. 336). Illustrative of the point is the preliminary question which must be decided. The arbitrators must determine whether the right to amend the partnership agreement by a three-fourths vote, adopted unanimously four months prior to the 1953 amendment, was intended by the parties, by inference, to include the *912 power by a three-fourths vote to deny to a partner subsequently discharged the right under the agreement to arbitrate any grievance he may have respecting his rights thereunder.
Further, it is incumbent upon the arbitrators to determine whether the challenged amendments were validly adopted and, if so, whether they, the amendments, by their adoption were intended to and did abrogate the arbitration clause of the contract, as well as to modify (1953) and to terminate (1958) the contract, insofar as the two amendments affected the respondent’s interest therein. Whether the petitioner had the power so to abrogate and terminate are issues arising out of the contract. (See Matter of Terminal Auxiliar Maritima [Winkler Credit Corp.], 6 N Y 2d 294, 298.)
The petitioner argues quite simply that since the contract (containing the arbitration clause) was terminated, the arbitration clause became inoperative and the respondent was thereafter relegated to an action at law or in equity for relief. However, as has been demonstrated, there has been no question regarding the validity of the contract (including the arbitration clause) when made. Consequently, the cases cited by petitioner involving contracts which were either void from inception or voidable are not in point. Also, petitioner cites Matter of Zimmerman v. Cohen (236 N. Y. 15) to show that a party to a contract containing an arbitration clause has the power to and may waive his rights to arbitration by subsequent acts and conduct, a principle of law with which no fault can be found. The court in that case held that a party who elected to proceed by action in a court of law, deliberately waived his right to proceed by arbitration. The court there found a clear agreement between both sides to the controversy to waive their right to arbitrate by the institution and defense, including a counterclaim, of an action at law and upheld their right to resort to another method in settlement of their dispute, despite their agreement to arbitrate.
However, for the court to determine that respondent waived his right to arbitration, there must first be a finding of an intentional abandonment of such right. (See Alsens American Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37.) A waiver, by agreement or conduct, of the right to arbitrate, must be clear. (Matter of Zimmerman v. Cohen, supra, p. 19.) Upon the facts appearing herein the court may not make a finding, implicitly necessary in order to sustain petitioner’s application, that as a matter of law the parties by the adoption of their various resolutions clearly abandoned their agreement to arbitrate. The subject contract provided that ‘ ‘ In the event of a *913 disagreement between the parties hereto, the matter in dispute shall be left to a board of arbitration ”. The court finds that the matter in dispute between the parties, pertaining to termination of the contract, waiver, estoppel and related issues, arising as it does from a disagreement pertaining to its interpretation and enforcement, is arbitrable. (See, also, Klein Coat Corp. v. Peretz, 4 Misc 2d 341.) The motion is denied.