Guy A. Graves, J.
Defendant has moved by show cause order to permanently stay arbitration of a "No-Fault” insurance claim applied for by plaintiff under provisions of section 675 of the Insurance Law. The claim resulted from injuries sustained in a motor vehicle accident on August 26, 1974.
Defendant argues that first-party benefits were not overdue and were actually paid plaintiff within the 30-day period" specified in subdivision 1 of section 675 by virtue of payments being made on November 27, 1974, a date within 30 days of the receipt sometime in November of the medical report from the attending physician and the hospital record. Since it would be impractical, if not impossible, to make payments until such reports were received, defendant maintains 30-day period runs in effect from that event, not from the day notice of a claim wa's first received. Accordingly, the defendant *509 argues there was no need for plaintiff to retain counsel and the demand for arbitration of plaintiffs claim for penalties and legal fees is groundless and improper under the statute. Standing alone, these facts might suffice for insurer to prevail.
Plaintiff, however, has submitted a copy of a letter from defendant to plaintiff dated September 24, 1974. This communication, which is admitted to by defendant, states, in part, that "it appears there is or may be a question as to the position of the company by reason of your lack of permission to drive insured vehicle.” This language, though not expressly a disclaimer, surely alerts the claimant that there may be a question of company’s liability and the balance of the company’s letter can only reinforce a claimant’s apprehension that a dispute exists as to the company admitting liability or providing coverage.
It would be difficult to conceive of how any reasonably prudent claimant in such circumstances could fail to retain counsel to ascertain his rights.
Although the company states in its letter it will continue its investigation (and in this case paid the claims a month and one-half later) the matter so far as the claimant might ascertain could remain in limbo or abeyance for months, if not years — unless he took action, as he did in this case by retaining counsel. The company’s position cannot be within the intent or the meaning of the statute.
Subdivision 2 of section 675 provides: "2. Every insurer shall provide a claimant with the option of submitting any dispute involving the insurer’s liability to pay first party benefits, the amount thereof or any other matter which may arise under subdivision one of this section to binding arbitration pursuant to simplified procedures to be promulgated or approved by the superintendent. ’ ’
The language thereof clearly mandates the company shall provide the option of submitting "any dispute involving the [company’s] liability” (as well as disputes over the amount) and any dispute over "any other matter which may arise under subdivision one” to binding arbitration.
The company in this case apparently resolved its doubts as to liability sometime after receiving the medical reports and paid the benefits due in a fair claims settlement. Prior to that act, however, claimant had responded to company’s September 24 letter by retaining counsel to represent him in the dispute over liability. In the instant proceedings, the company dis *510 putes plaintiff’s claim for counsel fees and interest arising from the prior tentative dispute. This surely comprises a "dispute” involving "any other matter which may arise under subdivision one.”
Therefore claimant is entitled to exercise the option, which the company must provide, to submit the present dispute to arbitration.
Temporary stay is vacated and request for permanent stay is denied, with costs to plaintiff.