■ In the Matter of CAREY CADILLAC RENTING Co., INC., Respondent, v INTERSTATE LIMOUSINE OWNERS ASSOCIATION, INC., Appellant.—Order and judgment (one paper), Supreme Court, New York County, entered March 24, 1975, granting a stay of arbitration and denying a cross application for injunctive relief, unanimously affirmed, with $40 costs and disbursements to respondent. The dispute arises out of the "Contract Termination Agreement" which does not provide for arbitration. The individual franchise agreements involving different parties and containing an arbitration clause did not give rise to this controversy nor does it incorporate the provisions of the termination agreement. Concur—Kupferman, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.

■ ROSLYN HARLIB, Respondent, v CHANDRIS LINES, INC., Appellant.— Order, Supreme Court, Bronx County, entered April 21, 1975, denying defendant's motion for summary judgment dismissing the complaint, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Scrutiny of the record discloses that the issue of ownership and control of the vessel *Amerikanis* aboard which plaintiff was injured must await a plenary hearing. It is well recognized that on motions for summary judgment " 'issue-finding rather than issue-determination, is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404, citing *Esteve v ABAD,* 271 App Div 725, 727). Although there is proof in this record to support defendant's position of lack of ownership and control, there also exists proof on plaintiff's part to support a contrary conclusion. Concur—Kupferman, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.