■ ROCHELLE MOSKOWITZ, Appellant, et al., Plaintiffs, v HABER TYPOGRAPHERS, Inc., Respondent.—Order, Supreme Court, New York County, entered on May 7, 1975, vacating a judgment entered on December 11, 1974, staying this action, directing that the parties proceed to arbitration and awarding defendant other related relief, unanimously modified, on the law, without costs and without disbursements, to the extent of reversing so much thereof as directed that the issues raised be submitted to arbitration, and matter remanded for a hearing as hereinafter indicated. We cannot conclude on the present state of the record, as a matter of law, that the letter of August 7, 1968 as amended August 12, 1968, and as "ratified and confirmed" by the subsequent formal shareholders' agreements, constituted an agreement to which the parties intended themselves to be bound and which foreclosed arbitration. Accordingly, a hearing on the issue of what the parties did so intend is directed. If, following the hearing, the court concludes that the "letter" constitutes a separate and binding agreement, it would then be in a position to deny defendant's request for arbitration, since the letter does not provide for such relief. If it is concluded that, considering both the letter and the formal agreements together, it was the intent of the parties that any dispute resulting from conflicting interpretations of their provisions should be subject to arbitration, then, of course, arbitration should follow. If the trial is to go forward, rather than arbitration, this matter should then be restored to the calendar and plaintiff-appellant's motion for summary judgment considered *de novo,* with leave to both parties to file additional affidavits with respect thereto, as each deems advisable. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.