Arthur S. Hirsch, J.
Petitioner Long Island College Hospital ("hospital”) moves to confirm an arbitration award in this matter arising out of an automobile accident.
Petitioner’s assignor ("Braithwaite”), insured by Allcity Insurance Company ("Allcity”), was injured in an accident involving a vehicle owned by Jose Hernandez ("Hernandez”) and insured by Government Employees Insurance Company ("GEICO”). Both Allcity and GEICO denied liability to Braithwaite and GEICO instituted an action in Nassau County for a judgment declaring it is not obligated to defend or indemnify Hernandez and it is not obligated under the no-fault provisions of its policy. Braithwaite interposed both a cross claim against Allcity for first-party benefits under his policy and a counterclaim for a judgment declaring GEICO obligated to defend Hernandez and pay any judgment Braithwaite may recover. The action is presently pending in that court. Petitioner, as assignee of Braithwaite’s medical claims, thereafter instituted arbitration proceedings against both insurance companies, GEICO appearing. An award against GEICO was made and is herein sought to be confirmed.
In opposing the motion, GEICO contends the arbitrator lacked authority to determine the question of GEICO’s coverage since that issue was before the court in the Nassau County action, having been raised there by GEICO’s complaint and Braithwaite’s counterclaim. GEICO concludes that since Braithwaite by his counterclaim has chosen to litigate that issue in that action, the arbitrator was restricted to determining the facts giving rise to Braithwaite’s injuries. GEICO also contends the award is defective on the merits since it was unsupported by any credible evidence.
There is no question that under normal circumstances, a dispute as to an insurer’s coverage or liability is a proper *586 subject for binding arbitration. (Matter of Bruhns [Zurich-American Ins. Cos.], 85 Misc 2d 508; see Matter of Empire Mut. Ins. Co. [Faulkner], 52 AD2d 668.) There is a different situation in the instant case, however, in that one of the parties, defendant GEICO, elected to have his claims determined in court at least a year prior to the arbitration hearing and Braithwaite, assignor of petitioner, indicated an acceptance of the judicial forum by asserting, on April 23, 1976, a cross claim and counterclaim. The claims were not merely interposed and left at that, but rather the proceeding continued to the point where a trial was scheduled for September, 1977, a period shortly after the papers of the instant motion were submitted. By the affirmative act of asserting a cross claim and counterclaim, a defendant waives his right to arbitration. (De Sapio v Kohlmeyer, 35 NY2d 402; Matter of Zimmerman v Cohen, 236 NY 15; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7503.16.) The Court of Appeals, in the De Sapio case, opined (p 406): "The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.”
Petitioner counterargues that the hospital itself did not elect to seek court action in this matter, but merely interposed an answer, without counter or cross claims, and this in no way can be construed as evidence of an intention to waive arbitration. Petitioner’s intent is not germane in this instance. Petitioner, as assignee to Braithwaite, stands in that defendant’s shoes and thus, acts which were sufficiently indicative of the assignor Braithwaite’s intent to waive are those the court must consider.
GEICO’s appearance at arbitration does not negate the concept of waiver nor promote the acceptance of arbitration. Indeed, only a party to the arbitration may attack an award. (Yanity v Benware, 376 F2d 197.) A party who participated in an arbitration proceeding can move to vacate on the grounds that the arbitrator exceeded his jurisdiction. (Matter of Consolidated Carting Corp. [Local 282], 28 AD2d 667.) It should be noted that GEICO specifically argued at the arbitration hearing that the arbitrator lacked jurisdiction to determine coverage.
In light of the above, the court concludes that the issue of the liability of the carrier, the sole issue in the pending legal action in the Supreme Court of Nassau County, was beyond *587 the scope of an arbitration proceeding, and in making a determination in that regard, the arbitrator exceeded his powers, which constitutes a basis to vacate an arbitration award. (CPLR 7511, subd [b], par 1, cl [iii].)
The court has also considered the necessity of orderly legal proceedings. It is aware that if the Nassau County Supreme Court eventually makes a finding contrary to that of the arbitration, there would be no format within which a determinative solution could be found.
Accordingly, petitioner’s motion to confirm the arbitration award of arbitrator Richard J. Sgarlato, dated July 7, 1977, is denied.