■ INRYCO, INC., Respondent-Appellant, v PARSONS & WHITTEMORE CONTRACTORS CORPORATION et al., Appellants-Respondents. — Order, Supreme Court, New York County, entered June 11, 1980, affirmed, without costs or disbursements. Appeal from order, Supreme Court, New York County, entered April 11, 1980, dismissed, as academic, without costs or disbursements. Although in conflict as to its enforceability, both parties allege that

on March 21, 1979 they reached an oral agreement concerning disputes arising out of the performance of five written contracts into which the parties had entered from 1976 through 1978. Unfortunately, however, the parties differ as to the content of the March 21 agreement. Whichever version is accepted, the oral settlement agreement clearly did not provide for arbitration. On the other hand, each of the five earlier written contracts had provided that "All disputes arising out of this Contract, its interpretation, performance or breach, shall be submitted to arbitration". Defendant sought arbitration of "breach of contracts and settlement agreement." As our dissenting brother notes, we all agree that whether the oral agreement terminated or released the parties' rights under the written contracts is a matter for the arbitrators. "Subsequent acts or documents purporting or claimed to terminate an agreement containing a broad arbitration clause, if in dispute, raise issues for the arbitrators and not for the court." *(Matter of Stein-Tex [Ide Mfg. Co.], 9 AD2d 288, 289,* citing cases.) Justice Silverman, however, views the oral agreement as no more than a modification of the written contracts and would hold that any issues arising thereunder are arbitrable. Unquestionably, disputes arising out of a contract modification where the original contract has an arbitration clause are arbitrable. *(Elgin Nat. Inds. v Somerset Constr. Co.,* 59 AD2d 869.) But the alleged oral settlement of March 21, 1979, is not a mere modification of the written contracts, regardless of whose version is accepted. In an effort to resolve differences which had arisen over the quality of plaintiff's work, the parties had clearly sought an entirely new agreement without reference to the obligations under the original contracts. Defendant contends that the parties had reached an executory accord of their arbitrable disputes. That the alleged settlement did not provide for arbitration or expressly incorporate the arbitration provision of the original contracts is undisputed. As a matter of law, the arbitration clause contained in the original contracts does not extend to disputes arising from a subsequent and separate settlement agreement. *(Moskowitz v Haber Typographers,* 55 AD2d 522; *Matter of Carey Cadillac Renting Co. v Interstate Limousine Owners Assn.,* 49 AD2d 850.) Hence, any claims for breach of the alleged March 21, 1979 settlement are not arbitrable. We thus affirm Special Term's determination encompassing these views, as well as its denial of discovery in aid of arbitration. Concur — Kupferman, J. P., Sullivan, Carro and Lynch, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would modify the order appealed from so as to deny the motion for a stay of arbitration *in toto* and permit the parties to submit to the arbitrator all questions relating to the alleged oral agreement. We are all agreed that so much of the order appealed from as permits defendants to raise as an arbitrable issue the release or termination of rights by a superseding agreement should be affirmed. To the extent that the alleged oral agreement goes beyond that, it is merely an agreement as to how plaintiff shall perform its obligations under the five written contracts which contain arbitration clauses. In this respect, the oral agreement is no different from the modifications of details and corrections of work that commonly occur in the course of performance of construction contracts. It is thus merely an attempted modification of the written contracts which are concededly subject to arbitration; and issues arising under such a modification are also subject to arbitration. Whether the alleged oral modification is valid or not is a question for the arbitrators on which, obedient to the proscription of CPLR 7501, I express no opinion.