■ QUEENS AVON Co., Respondent, v MORRIS B. GERSTENHA- BER, Appellant. — Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), entered April 9, 1984, granting plaintiff's motion to stay arbitration, reversed, on the law, with costs, the motion denied and the stay vacated.

Plaintiff is a limited partnership. It held a mortgage issued by Growth Realty Associates, the balance of which exceeded $415,000. On January 4, 1983, the mortgage was satisfied by payment of $68,919.16 to defendant, a check in the sum of $326,509.90 made out to defendant and one Leon Madonick as escrow agents, and a note for $20,000 payable at the expiration of 45 days which was also delivered to the escrow agents. The general partners of plaintiff are Mehlman and Wolitzer. Madon- ick was Mehlman's attorney while defendant represented Wolit- zer. The escrow agreement provided that the funds held by the escrow agents were to be distributed to the creditors of plaintiff, if any, then to the general partners, "if they or either of them have a claim" and finally, to the limited partners. It also provided that legal fees and expenses were to be paid out of the

escrowed funds. In addition, it contained a paragraph requiring submission to arbitration "of any dispute between the escrow agents and the general partners".

In February 1983, plaintiff brought this action against defendant asserting the defendant's failure to transmit to it the $68,919.16 received by him from Growth. Defendant answered asserting that he was the owner and holder of a second mortgage executed by Mehlman and that the payment made to him on January 4, 1983 at the time of the satisfaction of the mortgage by Growth was in payment therefor. Subsequent thereto defendant filed a demand for arbitration. Plaintiff moved to stay the arbitration contending that the defendant, by participating in the litigation for almost a year before demanding arbitration, waived his right thereto. Defendant noted that the demand for arbitration was prompted by the fact that Madonick had demanded 10% of the escrowed funds as his legal fee. When defendant remonstrated that the demanded fee was grossly excessive and refused to consent to its payment, Madonick refused to agree to a distribution of the escrowed funds and such distribution has never taken place.

Special Term granted the motion to stay arbitration on the ground that, by participation in the litigation, defendant had waived his right to arbitration (*De Sapio v Kohlmeyer,* 35 NY2d 402; *Matter of Zimmerman [Cohen],* 236 NY 15).

We think Special Term misconstrued the facts before it. Defendant does not seek to arbitrate the subject of the lawsuit, nor does he seek a stay of the lawsuit. He acknowledges that the payment to him of $68,919.16 and the payment to the escrow agents of $326,509.90 (plus the delivery of the note for $20,000 which has, presumptively, been paid) are separate and distinct matters. The matter sought to be arbitrated is, as framed by him, the "[d]etermination of the amounts due to the creditors, general partners and limited partners of Queens Avon Company, and the amount of expenses, including legal fees". This has absolutely nothing to do with plaintiff's claim for $68,919.16 against defendant. It deals only with the sum held in escrow by the escrow agents. From defendant's recital, there is, prima facie, a dispute as to the amount due to Madonick, who is named by defendant as a party to the arbitration, for legal fees. Since this affects the amount available for distribution to plaintiff's creditors and to the general and limited partners, a subject encompassed by the arbitration agreement, that matter should proceed to arbitration. Concur — Murphy, P. J., Sullivan, Bloom, Milonas and Ellerin, JJ.