In the Matter of the Application of STUART YOUNG et al., as Receivers for AMERICAN CONCRETE-STEEL Co., INC., Respondents, against CRESCENT DEVELOPMENT COMPANY, Appellant.

Arbitration — building contract — provision in contract providing that disputes arising " under the contract " shall be submitted to arbitration at the choice of either party — claims for moneys due for work and materials and amount by way of damages because owner had delayed the contractor in the performance of the work — when such claims cannot be submitted to arbitration under the contract because they arise from acts done in violation and repudiation of the terms of the contract — when filing mechanic's lien for such claims operates as waiver of contractor's right to arbitration.

1. Where a contract between a building corporation and the owner of houses being erected provided that " All questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties," a submission to arbitration of a claim by the contractor that there was a large sum due to it for damages because the owner had delayed it in the performance of the contract, cannot be enforced under the contract. The arbitration clause provides for the submission of " All questions that may arise under this contract *and* in the performance of the work thereunder," and this claim for damages arises from

alleged acts of the owner which were not done under and in perform-ance of the contract but in violation of it and in repudiation of its provisions.

2. The contractor having a claim for work done under the con-tract, but before making the application for an order requiring the owner to submit his claim to arbitration under the contract, had filed in the county clerk's office and served upon the owner copies of three notices of mechanics' liens covering in the aggregate the amount claimed to be due to the contractor for work and materials under the contract. By doing this the contractor set out on a course so incon-sistent with arbitration that it must be regarded as having decisively elected to waive and abandon its right to arbitration of the claim for work and materials and if made such waiver would also bar the right to arbitration, if it otherwise existed, of the claim for damages for breach of contract. A party having two or more claims against the same party springing out of the same contract ought not to be allowed to abandon his right to arbitration in respect of some of these while he insists upon it in respect of others.

3. It is contended that inasmuch as the contract provided that disputed questions arising thereunder shall be submitted to arbitration at the choice of either of the parties thereto, the contractor might, if he desired, abandon the proceedings under the Mechanics' Lien Law and proceed under the arbitration clause. This contention cannot be sustained. Having disclosed its intent to act under the Lien Law by filing the liens upon the owner's property and subjecting it to incon-venience if not actual damages, and the owner by service of formal notice having accepted this method of procedure and notified the con-tractor to proceed with it, a choice was made by the contractor which exhausted its right and left it no privilege of withdrawing from this course and making another " choice " along the lines of arbitration.

*Matter of Young* v. *Crescent Development Company*, 212 App. Div. 805, reversed.

(Argued March 30, 1925; decided May 5, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 16, 1925, which affirmed an order of Special Term granting a motion to require the appellant to submit certain questions to arbitration.

*Irwin Untermyer* for appellant. By filing liens against the defendant's property the petitioners waived their right, if any existed, to require arbitration. (*Matter of*

*Zimmerman* v. *Cohen*, 236 N. Y. 15; *N. Y., L. & W. Co.* v. *Schneider*, 15 Daly, 15; *Clark* v. *West*, 193 N. Y. 349; *Matter of General Silk Importing Co.*, 200 App. Div. 792; *Matter of Bachmann, Emmerich & Co.*, 204 App. Div. 282.) The claim for alleged damages caused by the owner in delaying the work is not a matter within the scope of the arbitration clause and should, therefore, not have been submitted to arbitration. (*Matter of Berkowitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Matter of General S. I. Co.*, 200 App. Div. 786; *Matter of Bachmann, Emmerich & Co.*, 204 App. Div. 282; *Faber* v. *City of New York*, 222 N. Y. 255.)

*Frederick Hulse* for respondents. The provision in a construction contract requiring the parties to submit all disputes that may arise thereunder to arbitration does not deprive the contractor of his statutory right to a lien upon the property improved for the value of the labor performed and the materials furnished, nor does the filing of the notice of lien relieve either party from its obligation to arbitrate pursuant to the contract. (*D. & H. C. Co.* v. *Penn. Coal Co.*, 50 N. Y. 250; *Meacham* v. *J. F. & C. R. R. Co.*, 211 N. Y. 346; *Cooper & Evans Co.* v. *M. B. T. C. Line*, 164 App. Div. 64; *Matter of Berkowitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *Kemp Lumber Co.* v. *Howard*, 237 Fed. Rep. 574; *Matter of Emslie*, 102 Fed. Rep. 291.) The question as to whether the respondents are entitled to damages for delay is a question to be determined by the arbitrators pursuant to the provisions of the contract. (*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills, Inc.*, 239 N. Y. 199; *Matter of Wilkins*, 169 N. Y. 494; *Hoffman* v. *DeGraaf*, 109 N. Y. 638; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Degnon Contracting Co.* v. *City of New York*, 202 App. Div. 390; *Johnson* v. *City of New York*, 191 App. Div. 205; *Del Genovese* v. *T. A. R. R. Co.*, 13 App. Div. 412.)

HISCOCK, Ch. J.   A contract was made between the corporation of which respondents are receivers as contractor and the appellant corporation as owner for the erection of a large number of houses.   The contract, which was in writing, contained the provision: " All questions that may arise under this contract and in the performance of the work thereunder shall be submitted to arbitration at the choice of either of the parties hereto." Controversies arose between the parties and the contractor claimed that there was quite a large sum due to it for work and materials and a still larger sum by way of damages because the owner had. delayed it in the performance of the contract.   Under these circumstances an application was made in behalf of the contractor by its receivers to require appellant under the clause which has been quoted to submit to arbitration the claims which have been mentioned.   It is of some importance to note that this application was returnable October 2, 1924.   In opposing this application the appellant established without contradiction that on or about July 10 or 11 the receivers had duly filed in the clerk's office and served upon appellant copies of three notices of mechanics' liens covering in the aggregate the amount claimed to be due to the contractor for work and materials under the contract and October 17, 1924, the appellant served notice in accordance with section 59 of the Lien Law (Cons. Laws, ch. 33), requiring the receivers of the corporation to commence action within thirty days for the enforcement of said liens.

The courts having granted the application compelling appellant to submit to arbitration, two questions claim our consideration.   The first of these is the one whether the contractor's claim for damages because of the alleged fault of the appellant in preventing the performance of the contract is a dispute which comes within the fair interpretation of the arbitration clause in the contract. The second question is the one whether the receivers

of the contractor by filing mechanics' liens upon and against appellant's property have done something which is so inconsistent with their right to arbitration that they must be regarded as having waived or abandoned that right.

While the question may be close and debatable, I do not think that the arbitration clause in the contract should be interpreted as covering and including such a claim as the one made against appellant for breach of the contract. The arbitration clause provides for the submission of " all questions that may arise under this contract *and in the performance* of the work thereunder." We know by common experience the class of questions to which this language naturally applies. It applies as stated to questions arising under and in the performance of a contract and such questions are those which involve an interpretation of its provisions for the purpose of determining whether work has been done according to the contract, whether work which has been demanded under the contract is really covered by its provisions or constitutes extra work, when payments become due, and so on. All of these questions involve recognition of the contract and not repudiation of it.

This is not true of the claim under discussion. According to respondents' theory the acts done by appellant were not done under and in performance of the contract but in violation of it and in repudiation of its provisions. There is involved no interpretation of its meaning, but a willful refusal to be bound by it and, as it seems to me, this clause was intended to cover controversies which do not deny but seek an interpretation of and submission to its provisions; an attitude which seeks action under the contract and not one outside of and in denial of it.

But passing this, we come to the second and more important question which has been outlined and I think that the answer to that question must be that the

respondents by filing mechanics' liens set out on a course so inconsistent with arbitration that they must be regarded as having decisively elected to waive and abandon their right to that course. We are all agreed that if respondents by filing these liens abandoned their right to arbitration of the claims covered thereby, such waiver would also bar their right to arbitration of the claim for damages for breach of contract. We do not think that a party having two or more claims against the same party springing out of the same contract ought to be allowed to abandon his right to arbitration in respect of some of these while he insists upon it in respect of others.

Of course the interpretation and significance of many acts depend more upon the conditions under which they are performed than upon the intrinsic character of the act itself. If we should conceive of a statute which gave general permission to a contractor to file a lien for the purpose of securing a claim no matter when or by what manner of proceeding ultimately established, the act of filing such a lien would not be a decisive election of remedies. The mere statement of such a situation, however, shows how different than that is the present one. The statute relating to mechanics' liens provides a complete and connected course of procedure for the enforcement of the claims asserted in this proceeding. This course of procedure starts with filing a notice of lien and ends with an adjudication upon the validity of the claim outlined by that lien. While perhaps it may not be said that one step is more important than another in this connected course of procedure, nevertheless it is true that the foundation upon which it all rests is the filing of the lien. Without that, no proceeding of this character can be instituted and the only object in filing it is to take the first step toward the final end in the procedure outlined by the statute. We have no right to assume that a contractor who files a mechanics' lien intends to do an utterly idle and useless

thing. On the other hand, it is our duty to assume that at the time he performs the act he has an intent to accomplish something and, therefore, that when these particular respondents filed and served their notices of lien they did so for the purpose of instituting the proceeding authorized by the statute and of carrying that proceeding through to the final adjudication and enforcement of their claims.

On that view I do not think that this act can be disregarded as something which was inchoate, tentative and inconclusive and which could only be made decisive when something else and further was done. Intent is not predicated on the number of acts which are performed but on their character. The question whether respondents entered upon a course which led them away from the right to arbitration and to its abandonment is not necessarily determined by the number of steps which they have taken upon that course but may be determined by the first step which they took, if it clearly indicates an intent to go that way. Speaking of this particular case I think it would be rather unfortunate if we were to measure intent by the number rather than by the character of things which were done, and if my views are at all right the filing of the liens indicated just as clearly as of the time when they were filed an intent to enforce plaintiffs' claims as would the subsequent service of a summons in an action to enforce those liens.

Of course we do not overlook the argument which is made that respondents' intent to prosecute their claims under this statute might be allowed to die and their acts rendered nugatory by failure to take subsequent steps prescribed by the statute. But whatever the respondents might do in the way of abandoning their proceedings it is sufficient to say that so far as this record is concerned they have displayed no intention to abandon it and, on the other hand, respondents' attorney seems to think that it is necessary to prosecute proceedings under the Lien

Law for the purpose of securing any award which may be made in arbitration proceedings. Moreover it hardly seems to us that even if respondents should at some time conclude to abandon proceedings under the Lien Law, it would avoid the intent indicated by filing the liens. The question is of the intent with which that act at that time was performed and if judged by the rules applicable to the question of intent it indicated a purpose to abandon the right to arbitration, the right thus lost cannot be recaptured by a subsequent change of mind and conclusion by respondents that after all they would rather proceed under the arbitration clause than under the Mechanics' Lien Law. If the abandonment has been once made it endures for the purposes of this proceeding and its consequences cannot be avoided.

While these views may not be decisively confirmed by the peculiar language of the arbitration clause under consideration we think they are aided and supported by such language. That clause provides for arbitration at the " choice " of either of the parties. This word " choice " is somewhat less legalistic and more informal than language which talks of the " election of remedies " and " waivers " and " abandonment." It must be interpreted in the sense in which parties to such a contract as this would understand it and as meaning a preference for or a selection of that manner of remedy. Of course a party could not go on indefinitely first choosing one course and then preferring another and again it seems to us that when these respondents placed their liens upon appellant's property and subjected it to inconvenience if not actual damage and the latter by service of formal notice accepted this method of procedure and notified respondents to proceed with it, a choice had been made which exhausted the respondents' right and left them no privilege of withdrawing from their course and making another " choice " along the lines of arbitration.

Waiver and abandonment are so much a matter of intent decided by the particular facts of a given case that it is difficult to find authorities which are particularly pertinent. The general proposition that a party may and will waive his right to arbitration by proceedings inconsistent with that course is fully discussed and broadly upheld by Judge CRANE's opinion in *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15), and I think that the case of *New York Lumber Wood W. Co.* v. *Schneider* (15 Daly, 15; affd., 119 N. Y. 475) on the facts there involved does in principle materially support the conclusions which have been expressed. That case deals with the rights of parties from a standpoint opposite to that which we occupy in this case. There the parties adopted and proceeded with an arbitration and then later attempted to file and enforce a mechanic's lien and the court held that the former proceeding worked a waiver and abandonment of a right to the latter.

For these reasons we think that the orders appealed from should be reversed, with costs in all courts and the motion to compel appellant to submit to arbitration denied, with costs.

McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; POUND and CRANE, JJ., concur on second ground stated in opinion; CARDOZO, J., dissents.

Orders reversed, etc.