In the Matter of the Application of S. M. GOLDBERG ENTERPRISES, INC.

Supreme Court, New York County, June 28, 1927.

Arbitration — submission of question — employment contract provided " disputes or differences " were to be settled by arbitration — employee's discharge is arbitrable under contract — employee's assignee may not sue for damages and escape arbitration.

In this proceeding to compel arbitration, under an employment contract, whereby the parties agreed that " if any disputes or differences " arose they were not to be decided in any action brought by one against the other, but by arbitration according to the State statute, the question of the discharge of respondent's assignor, the employee, is an arbitrable one within the meaning of the contract, and, for that reason, the assignee may not continue to prosecute his action for damages arising from the discharge.

The employer did not lose its rights under the arbitration clause because it brought the agreement to an end by discharging the employee.

PROCEEDINGS to compel arbitration under contract.

*Herbert H. Maass* [*Herbert H. Maass* and *R. Robert Caplan* of counsel], for the petitioner.

*Pfeiffer & Crames* [*Joseph Kahn* of counsel], for the respondent.

ERLANGER, J. It is at least a fairly arguable question whether or not the petitioner is entitled to an order directing arbitration under the contract in question. The petitioner and the assignor of respondent entered into a written agreement on October 19, 1926, whereby the former employed the assignor for the term of three years, commencing on November 1, 1926, and expiring on October 31, 1929, at a salary of $15,000 per year in equal monthly installments, in addition to fifteen per cent of the profits as in

Supreme Court, June, 1927. [Vol. 130

and by said contract declared. The writing among other things contains the following provision:

" 7. If any dispute; or differences shall arise between the parties herein, no suit shall b commenced by either one against the other. Such disputes and d fferences shall, however, be submitted to arbitration in accordance with the laws of the State of New York, and all arbitration proceedings shall be had in the Borough of Manhattan, City of New York."

On April 25, 1927, the respondent's assignor was discharged, and he thereupon assigned his claim under the said agreement to one Simon Gutner, a resident of Westchester county, and the latter brought an action in said county demanding damages in the sum of $50,000. The answer to the complaint sets up the affirmative defense of justification for the discharge, and a further defense that arbitration be proceeded with as required by the contract. Gutner, the assignee, contends that inasmuch as the contract was breached by the petitioner, nothing arbitrable remains, and that he cannot in this situation be ousted of his remedy in a court of law. It is further urged that the discharge of the employee constituted a repudiation of the contract by the master, and hence all right to arbitration preserved in the writing was lost. A number of cases have been cited in support of that contention. In *Matter of Young* v. *Crescent Development Co.* (240 N. Y. 244) the language employed seems to have been the controlling factor in the result reached, while in *Matter of Collishaw* (211 App. Div. 809) the appellant could not deal with the subject as to which arbitration was sought because he had disposed of the property and placed himself *hors de ·combat.* Of course the language employed in an arbitration clause may save no right if the Court of Appeals intended to declare the absolute rule that whenever a repudiation of a contract occurs, the right to arbitrate is destroyed. It is to be doubted that the court intended to go as far as that. In the instant matter the parties agreed that " if any disputes or differences " arose, they were not to be decided in any action, brought by one against the other, but by arbitration according to the laws of our State. A difference arose of so serious a character that the master discharged the servant. If the reasoning of the cases cited in respondent's brief is to be adopted here, then the master should have gone to its servant hat in hand, and said to him: " You have been faithless in your duty, and have rendered yourself liable to a discharge. It is our purpose to submit to arbitration the question whether we have the right to discharge you or not." Can one imagine a more farcical situation? While the servant mocks the master, he is to be permitted to continue on, and draw his com-

pensation, until the arbitrators shall have determined whether he should go or not. In other words, the master, to preserve his rights under the arbitration clause, and in order to keep them alive and effective, must yield his judgment to a tribunal to be selected according to the compact, which tribunal is to decide for him what he should do. Conversely, if he exercises his authority and dismisses the disloyal employee, as was done here, he has repudiated the contract and all right to arbitrate disappears. It is difficult to conceive that such a dilemma was ever dreamed of when the arbitration act was passed. In my opinion the master does not lose his rights under the arbitration clause, upon any theory of repudiation of the contract, because he brought the agreement to an end by the discharge. Repudiation, among other things, means rejection, disclaimer, renunciation, or even abandonment, while in the case of a breach of a contract, a party may still claim under it and even sue after the breach, to protect some right that was infringed. When he so proceeds his action would be in affirmance of the agreement. In the instant case I think the master should be permitted to proceed in affirmance of the contract, and if the arbitrators should decide that the discharge was not justified, they could then proceed and fix the damage quite as efficiently as a jury, which in this class of cases is usually the haven of first resort. I do not think the clause in question was solely confined to wages and profits. There could be no dispute as to the former, because they are definitely fixed. But a possible discharge, as well as a possible dispute as to what constitute net profits, must have been contemplated when the arbitration clause was inserted; otherwise the inclusion of it in the writing was mere matter of form. In *Matter of Kelley* (240 N. Y. 74, 78) Judge ANDREWS said, referring to an arbitration provision: " The contract, however, must be to arbitrate the precise matter as to which arbitration is sought." There the court held that even the jurisdiction of the arbitrators, if the language of the agreement justified it, could be decided by them. If the views expressed by me are correct, the question of discharge was an arbitrable one within the meaning of the writing. In any event there is presented as close and debatable a proposition as in *Matter of Young* v. *Crescent Development Co. (supra)*. Motion granted.