In the Matter of the Application of the W. E. HEDGER TRANS-PORTATION CORPORATION, Petitioner, against THEODORE MILLER, Respondent.

Supreme Court, Special Term, Kings County, November 10, 1937.

*Foley & Martin*, for the petitioner.

*Solomon Goodman*, for the respondent.

DODD, J. This is an application for an order directing the arbitration of disputes between the petitioner and Theodore Miller, arising under a contract for the charter of a barge. The contract contains this provision: " 8. Should any dispute arise between the Company and the Barge Owner, the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto and the third by the two so chosen; their decision or that of any two of them shall be final and for the purpose of enforcing any award, this agreement may be made a rule of the Court."

Disputes under the contract arose between the parties as to a claim for $715.27 which Miller alleged to be due him for freight carried on the barge, and for damages for an alleged breach of the

contract caused by the neglect and refusal of the corporation to tow the barge on time between Buffalo and New York, delaying the voyage 169 days over and above the time necessary.

Neither party to the contract requested arbitration, but in August, 1937, Miller instituted an action in the City Court to recover the amount alleged to be due him under two causes of action. The defendant answered the complaint, alleging performance of the contract on its part and the overpayment to Miller of $216.77, which amount it claims to be due it, but in the prayer for relief does not ask for affirmative judgment against Miller. It sets up as a defense to the second cause of action that it was prevented from towing the barge to its destination because of high water in the Barge canal followed by ice and " freeze-ins," and because of matters not within its control.

Arbitration is opposed, *first*, on the ground that the agreement is unenforcible because it is indefinite and uncertain. This contention is without merit. And, *second*, it is claimed that the corporation's joining issue in the City Court action and alleging a counterclaim constituted a waiver of the right of arbitration. I do not believe that the corporation can be held to have waived any right it may have had to arbitration under the provisions of the contract. The summons and complaint in the City Court action was served on August 19, 1937, the answer served on September fourteenth and the reply served September eighteenth. On September twenty-second a motion was made for the examination before trial of the corporation, which was adjourned to October thirteenth. On October eleventh the corporation obtained an order to show cause why the plaintiff should not be compelled to arbitrate. In its answer in the City Court action the corporation alleges the agreement to arbitrate, claiming that agreement to be a bar to the City Court action. (*Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97.)

All the matters in dispute arose under the contract for the chartering of the barge, and it seems to me that the corporation is not guilty of laches and is entitled to the relief it seeks.

Motion granted. Settle order on notice.