JACK SHORT and BENNETT CHALK, Respondents, *v.* NATIONAL SPORT FASHIONS, INC., and Others, Appellants.

First Department, June 5, 1942.

*I. Arnold Himber*, for the appellants.

*Nathan Siegel* of counsel [*David W. Kahn*, attorney], for the respondents.

CALLAHAN, J. The contract of the parties had a provision affording either of them the right to demand arbitration concerning any dispute arising with respect to the provisions of the agreement. Plaintiff sued at law claiming a breach of contract. Defendants appeared by an attorney and obtained a stipulation extending their time to answer. The affidavit states that at the time this stipulation was obtained there was some discussion with respect

to defendants' right to demand arbitration. However, the stipulation did not expressly reserve such right.

At the end of the stipulated period, defendants served an answer which consisted solely of a general denial. Within the time that defendants might amend their answer as of course, they served a new answer asserting the right of arbitration under the contract.

If defendants had demanded the right of arbitration in their original answer, there would have been no waiver of that right. (*Matter of Haupt* v. *Rose*, 265 N. Y. 108.) Accordingly, procuring an extension of time to answer would not seem to constitute a waiver.

Thus, the narrow question is presented as to whether, because in their original answer (which they had a right to amend as a matter of course) defendants failed to claim the right to arbitrate, this constituted an intentional waiver of that right. The precise point does not seem to have been decided in any of the numerous cases concerning what constitutes a waiver of the right of arbitration.

Applying the general rules applicable in determining whether a waiver was intended, we find no such unequivocal act by the defendants as to constitute an election and waiver. When defendants served the original answer, they knew that they might amend it as of course. Defendants' attorney asserts that his original answer was served hurriedly on the eve of his departure on a business trip. The action at law was still in the pleading stage. There was no such delay in acting with respect to the right to demand arbitration as had occurred in *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15). There the defendant participated in the litigation brought by plaintiff by taking numerous steps in the litigation after the joinder of issue. He waited two years after institution of the action before demanding arbitration. Such circumstances were held to indicate a waiver or abandonment of the right to arbitrate.

While it has been held that the question of abandonment of the right to arbitrate does not necessarily depend on the number of steps which have been taken and that such abandonment may be evidenced by the first step, if it clearly indicates an intent to go that way (*Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244), here the first step taken was one subject to change at defendants' will. Under the circumstances, we find that it did not constitute a final election.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to compel arbitration and for a stay granted.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur; COHN, J., dissents and votes to affirm.

COHN, J. (dissenting). Plaintiffs had made their election not to avail themselves of arbitration when they commenced their action against defendants. The choice to insist upon arbitration then rested with defendants. When defendants requested an extension of time to answer, they could have stipulated for a reservation of their right to arbitrate. They were aware of the existence of the right since the contract was included in an exhibit attached to the complaint. Their final opportunity to manifest the desire to arbitrate came when defendants served their answer under the stipulation of extension theretofore given. In serving an answer containing merely a general denial and omitting all reference to an arbitration, with full knowledge of the facts, defendants deliberately and intentionally waived and abandoned any claim to arbitrate. That right, once lost, may not be reclaimed by any later steps taken in the action. (Cf. *Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244, 250, 251.) By their answer defendants " might accept or decline the invitation tendered " by plaintiffs. (*Matter of Haupt* v. *Rose*, 265 N. Y. 108, 111.) In *Oklahoma Publishing Co.* v. *Parsons & Whittemore, Inc.* (255 App. Div. 589) this court (at p. 592) stated the rule as follows: " The defendant in this case, by its answer, accepted the invitation tendered by plaintiff to contest the claim at law. It had the right to demand arbitration before the service of an answer or in its answer, since the controversy with reference to the existence of a contract had been sharply defined. Its election to continue at law is binding upon the plaintiff which claimed to be the aggrieved party."

In the circumstances of this case, the Special Term correctly held that defendants had unequivocally manifested an intention to acquiesce in plaintiffs' choice of the forum and had waived their right to arbitrate. The order should accordingly be affirmed.

Order reversed, with twenty dollars costs and disbursements, and motion granted.