J. Irwin Shapiro, J.
This is a motion by the defendants, pursuant to section 1451 of the Civil Practice Act for an order staying all proceedings in this action until arbitration has been had of the issues involved in this action in accordance with the contracts referred to in the complaint and answer herein”.
A short statement of the relations between the parties is necessary to a proper consideration of the motion.
The Hebrew Home for the Aged (hereinafter referred to as the Home ”) is the owner of the property involved. It entered into a contract with the defendants as general contractors, whereby the latter agreed to do certain construction work and to furnish the materials in connection therewith. The defendants, in turn, sublet the performance of some of the work to the plaintiff, as subcontractor, under a written agreement to which the Home was not a party. The plaintiff subcontractor now seeks to recover from the defendants, the contractors, three items of damages, to wit: $10,104.23, $1,268.58 and $294.92, either growing out of an alleged breach of the contract between them or for certain alleged extra work and materials supplied.
The defendants have made a claim over against Home — the owner — alleging that, if they are liable to the plaintiffs, Home is liable to them.
In its answer Home asserts That the claim of the plaintiff against the defendants and the claim over or cross claim of the defendants against the home which is based thereon, must be submitted to arbitration, and the home affirmatively asserts its contention that said claims must be submitted to arbitration and that this action be stayed pending said arbitration.”
The defendants, in their answer, also assert That the claim of the plaintiff should be submitted to arbitration and this action stayed until such time as the arbitration has been determined.”
*1074 Before considering the substantive merits of defendants ’ claim for a stay of this action until arbitration can be had, we are met at the threshold with plaintiff’s assertion that even if defendants were entitled to go to arbitration they have waived their rights by their procedural conduct in this action. That procedural conduct consists in having brought Home in as a third-party defendant on a claim over against it, and by having, on two occasions, entered into a stipulation adjourning plaintiff’s notice to take'their (defendants’) deposition before trial.
Although the assertion by the defendants in their answer of their right to arbitration was improper since it is not a defense to the action, but only gives them the privilege, if they seek it, of staying the action by motion, — “ Defendant’s sole remedy is to apply for a stay of plaintiff’s action until the arbitration has been had ” (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 327) — it may be taken as an indication that defendants did not intend to abandon their right to arbitration. (Lumsden v. Lumsden Bros. & Taylor, Inc., 242 App. Div. 852; Matter of Haupt v. Rose, 265 N. Y. 108.)
Thus, clearly at the time of the interposition of their answer, defendants affirmatively asserted their right to arbitrate. Did they at the same time that they made that assertion completely destroy the right thereby asserted by bringing Home into the action as a third-party plaintiff? Plaintiff, on the authority of Matter of Zimmerman v. Cohen (236 N. Y. 15) and Mamakating Operating Corp. v. Rapp (133 N. Y. S. 2d 184) says that they did, but in those cases there was no affirmative assertion at the time of the interposition of the counterclaims of any right to proceed to arbitration and the court held that by seeking affirmative relief against the plaintiffs, the defendants had evidenced their intention of foregoing and giving up their right to have the controversies between the parties determined in arbitration proceedings.
Those cases are not in point for here, as we have seen, the defendants in their answer affirmatively put the plaintiff on notice that they wanted arbitration and did not intend to waive their right in that regard. In such cases it has been held that the right to arbitration has not been lost. (Matter of Hedger Transp. Corp. v. Miller, 166 Misc. 77; Short v. National Sport Fashions, 264 App. Div. 284.) In the Hedger case (supra) it was held that the fact that the answer contained a counterclaim against the plaintiff did not constitute a waiver of the right to' arbitration where that right was simultaneously asserted in the same answer which set up the counterclaim. In the Short case (supra) a stipulation, extending defendant’s time to answer, *1075 coupled with a failure to claim the right to arbitration in the original answer, was held not to bar a stay of the action where the right to arbitration was asserted in the amended answer.
In this case, the affirmative claim contained in defendants’ answer was not a counterclaim against plaintiff, but a claim over against Home to protect defendants if they were unsuccessful in their claim to go to arbitration proper or in the action itself if they were denied arbitration. No waiver of their contractural right to have the controversies between plaintiff and defendants determined by arbitration may be spelled out of the defendants’ procedural conduct here. Nor can the court see any substance to the contention that defendants, by merely stipulating to extend plaintiff’s time to conduct examinations before trial, thereby ipso facto waived their right to insist on arbitration. It was not their examination; they were not taking any affirmative steps in the action; they were merely acquiescing in certain steps being taken by the plaintiff. Such conduct on their part did not ripen into conduct so extensive in the litigation as to constitute a waiver. The preliminary objection of the plaintiff to a consideration of the defendants’ motion for a stay on its merits is therefore overruled.
On the merits of defendants’ motion for a stay, plaintiff contends that the only provision of the contract which is ‘ believed material here is Paragraph 2 ’ which reads as follows: ‘ 2. The Subcontractor agrees that it will, without extra charge, comply with the directions of the Contractor, and that any labor and material which, in the opinion of those in authority under the General Contract, is unsatisfactory, whether such opinion is expressed orally or in writing, shall, immediately upon notice from the Contractor to the Subcontractor, be removed and replaced by the Subcontractor at its own expense, with satisfactory labor and material, and the question whether or not such opinion is or is not proper, is subject to arbitration. ’ ” The plaintiff then says that it ‘ was never advised that any labor or material furnished by it was unsatisfactory. It was never advised to remove and replace any of its work.” The plaintiff, therefore, concludes that there is nothing to arbitrate under paragraph 2 of the contract and that a stay should be denied and this action be permitted to proceed.
However, the negation of any controversy between the parties on this score is not agreed to by the defendants who assert that they ‘ were fully justified in withholding the monies claimed because plaintiff refused to correct work improperly performed by it, and thereby plaintiff barred itself from further payments under the terms of the contract.” (Emphasis supplied.)
*1076 Upon this state of the record the court must conclude that under paragraph 2 of the agreement the dispute between the parties is referable to arbitration. The court is also of the opinion that articles 37(o) and 40 of the agreement between the defendants and Home (dealing with arbitration in the broadest of terms) must be considered an integral part of the agreement between the plaintiff and the defendants for, in paragraph 10 of the latter agreement, we find that “ The Subcontractor shall be bound to the Contractor by the terms of the General Conditions and other General Contract documents insofar as applicable to the work of the Subcontractor, and the Subcontractor hereby gives the Contractor the same power with respect to this Subcontract that the Owner may exercise over the Contractor under any provisions of the General Contract documents.” When that paragraph bound the subcontractor (plaintiff) to the ‘ ‘ terms of the General Conditions and other General Contract documents insofar as applicable to the work of the Subcontractor ” (emphasis supplied) and went further and gave the contractors (defendants) “ the same power with respect to this Subcontract that the Owner may exercise over the Contractor,” it clearly imported into the subcontract, as one of the items of ‘ ‘ power, ’ ’ the right of arbitration.
By article 37, which must, therefore, be deemed read into the agreement between the contractors (defendants) and the subcontractor (plaintiff) it was specifically provided that “ The Contractor agrees to bind every Subcontractor and every Subcontractor agrees to be bound by the terms of the Agreement * * * including the following provisions of this article, unless specifically noted to the contrary in a subcontract approved in writing as adequate by the Owner or Architect.” (Emphasis supplied.) There was no notation to the contrary in the subcontract between plaintiff and defendants, and one of “ the following provisions of this article,” which is article 37(o), reads:
“ The Contractor and the Subcontractor agree that —
“ (o) In the matter of arbitration, their rights' and obligations and all procedure shall be analogous to those set forth in this contract.”
The plaintiff must have overlooked that provision of the agreement for nowhere in the voluminous set of papers is it set forth or mentioned.
The motion is granted and the action is stayed. Settle order.