John J. Walsh, J.
This is a motion to compel arbitration and for a stay of a proceeding pending in Oneida County Court.
Defendant contends that by the terms of a building contract, “ any disagreement arising out of this agreement or from a breach thereof, shall promptly be submitted to arbitrators selected as hereinafter provided; and the decision of the arbitrators shall be a condition precedent to any right or legal action that either party may have against the other, arising out of this agreement.”
Plaintiffs are suing for what they claim are “ extras ” not encompassed within the contract.
Defendant claims that the items sued on are not extras, but arise out of the contract, and that in addition, he has certain counterclaims against plaintiffs arising out of the contract.
While plaintiffs concede that defendant might arbitrate such counterclaims, they oppose the motion for arbitration made on the complaint, no answer having been served.
While the situation is not without some doubt, it seems that arbitration is a proper procedure even if the so-called ‘ ‘ extras ’ ’ are alone considered. “ The arbitration clause provides for the submission of ‘ all questions that may arise under this contract and in the performance of the work thereunder.’ We know by common experience the class of questions to which this language naturally applies. It applies as stated to questions arising under and in the performance of a contract and such questions are those which involve an interpretation of its provisions for the purpose of determining whether work has been done according to the contract, whether work which has been demanded under the contract is really covered by its provisions or constitutes extra work, when payments become due, and so on. All of these questions involve recognition of the contract and not repudiation of it.” (Matter of Young v. Crescent Development Co., 240 N. Y. 244, 248.)
Motion is granted and stay continued. Submit order.