■ KALIN CONTRACTING COMPANY, INC., Appellant, v. PICRAM CONSTRUCTION CORP. et al., Respondents. HEBREW HOME FOR THE AGED, Impleaded Respondent.— In an action by a subcontractor against the general contractors to recover a balance allegedly due under a building contract, the appeal is from an order staying the action pending arbitration, on motion of respondents, the general contractors. Order reversed, with $10 costs and disbursements, and motion remitted to the Special Term to determine whether or not there is in fact a dispute within the scope of the arbitration provisions of the agreement and whether there has been a refusal by appellant to arbitrate. The only arbitrable disputes under the provisions of the subcontract are those which might arise out of a notification to appellant that labor or materials furnished by it were unsatisfactory, and under the general contract, insofar as disclosed by the record, arbitration was limited to disputes arising out of decisions by the architect. The affidavits submitted are in direct conflict on the question whether appellant had been notified that its work or materials were unsatisfactory, and, as we read appellant's affidavit, it raises an issue also as to whether the architect made any decision with respect to the quality of the materials furnished or the labor performed. That issue of fact must be resolved before it can be determined that there is an arbitrable dispute within the terms of the contract. In the absence of a duty upon the appellant to arbitrate, it cannot be held to have refused to do so. Those issues are for the court and not for the arbitrators to determine (see *Matter of Carlin Constr. Co.* [*Bartley Bros. Constr. Corp.*], 280 App. Div. 801, affd. 305 N. Y. 784; *Matter of Carey* [*Westinghouse Elec.*], 6 A D 2d 582). No waiver of arbitration by the respondents has been established. The right to arbitrate was alleged in the answer by way of defense. While such pleading was insufficient, it was nevertheless an assertion that respondents did not intend to abandon their rights to demand arbitration (*Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97; *Matter of Zawilski* v. *Prahl Constr. Corp.*, 237 App. Div. 824). The service by the respondents of a "claim over" against the Hebrew Home for the Aged, the owner of the building, and their requests for adjournments of their examination before trial pursuant to appellant's notice were not acts so clearly inconsistent with their present claim to the right to arbitration as to constitute a waiver thereof. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur. [13 Misc 2d 1072.]

■ PREMINA PAGNONI, Appellant, v. 1687 FLATBUSH AVENUE CORP., Respondent.— In an action to recover damages for personal injuries, the appeal is from an order denying a preference under rule 9 of the Kings County Supreme Court Rules. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.