Vincent A. Lupiano, J.
Plaintiff (Simon) moves for an order to vacate the order which has stayed proceedings in this action, and for the appointment of receivers pendente Ute of the property of the partnership. Previously, Special Term had denied defendants’ motion for a stay of proceedings and granted plaintiff’s motion for appointment of a receiver pendente lite. Upon appeal, the Appellate Division reversed the orders of Special Term; granted the motion for a stay and denied'the motion for a receiver (Simon v. Vogel, 9 A D 2d 63). The reversal was based upon the ground that such appointment would trammel upon the arbitration procedure contained in the partnership agreement which specifically provided that upon dissolution, if there was disagreement respecting distribution of assets, the same would be determined by arbitration.
*364 In this action, Simon seeks specific performance of the dissolution agreement, an injunction restraining defendants (hereinafter referred to as the Vogels) from doing anything destructive to the partnership assets, for the appointment of receivers and for an accounting. Following the determination by the Appellate Division, the Vogels commenced an action against Simon (which action Simon is moving to stay by reason of the arbitration clauses contained in the partnership agreement).
In their action, the Vogels are demanding judgment as follows:
“ 1) That an injunction issue restraining the defendant (Simon) from discharging employees of the said copartnership, that the defendant be further restrained from doing or performing any act destructive to the assets or property of the copartnership.
“ 2) That an injunction issue directing and ordering the defendant to counter-sign checks on the bank account of the copartnership for salaries and other debts of the partnership incurred in the routine course of its business.
“3) That during the pendency of the action the defendant be restrained from discharging the said employees and be directed to countersign checks for salaries and other debts of the partnership incurred in the routine course of its business. ’ ’
Movant argues that since the granting of the stay herein, the Vogels by instituting the other action, which involves arbitrable matters, ‘ ‘ have clearly indicated a deliberate intention to waive and abandon the arbitration agreement and have chosen this court as the forum for disposition of the dispute between the parties.” The Vogels vigorously disclaim any such intention and argue that the matters embraced in their action do not fall within the ambit of the arbitration agreement.
On this legal predicate, and because of other circumstances arising since the stay was granted, Simon urges that sufficient exists to warrant the court to vacate the stay heretofore granted and to appoint receivers pendente lite while distribution of the assets is effected.
There is no doubt that parties to an arbitration agreement may waive their rights thereunder (Matter of Zimmerman v. Cohen, 236 N. Y. 15; Nagy v. Areas Brass Iron Co., 242 N. Y. 97) and may come to the courts of the State if they mutually choose to do so.
In urging receivership, Simon argues that consideration of such relief is presently available since the Vogels have effectively waived their rights to arbitration; peculiarly, however, he still insists upon having controversies arising finder the partnership *365 agreement arbitrated. Yet, he has not fully availed himself of this rig’ht and arbitration has not been held. Parenthetically, it should be noted, quite apart from the specific provision dealing with distribution of assets that article 10 of the said agreement declares “ Any and all disputes arising hereunder shall be determined by arbitration”. The contradictory position of Simon is best evidenced by his cross motion (decided simultaneously herewith) to stay proceedings pending arbitration made in the action brought by Vogels against him. This makes for inconsistency on the part of Simon, who, himself, has heretofore gone outside of arbitration for relief where clearly arbitrable matters were involved, and yet, would impose waiver and abandonment of arbitration when the Vogels come to the court on such claimed matters. As aptly stated in Matter of Young v. Crescent Development Co. (240 N. Y. 244, 249) “ We do not think that a party having two or more claims against the same party springing out of the same contract ought to be allowed to abandon his right to arbitration in respect of some of these while he insists upon it in respect of others.” Moreover, there is no “ clear intention ” on the part of the Vogels, in the circumstances presented, to waive and abandon the arbitration agreement. If anything, there was an attempt to bring certain matters outside of arbitration which cannot, however, be concluded as a disavowal of the arbitration agreement itself.
It follows, therefore, that the bringing of the action by the Vogels, which also must be stayed because it concerns arbitrable matters, should not and does not afford Simon any legal basis to warrant the vacatur of the stay in this action, which, if done, would then leave open to the court the further consideration for the appointment of receivers pendente lite. The exigencies which are presented by Simon for the appointment of receivers pendente lite require no further consideration, since the effectiveness of the stay would preclude de novo consideration of that phase of the application.
Accordingly, the motion is in all respects denied.