Harold Tessler, J.
By a contract dated June 9, 1960, the plaintiff agreed to purchase from the defendant Rose Goldberg 50 shares of the 100 shares of stock owned by her in the corporate defendant. The price therefor was $4,750, of which $1,000 was to be paid in cash and the balance by promissory notes payable weekly until fully paid. As security for the pay *1071 ment of these notes, the plaintiff indorsed the certificate of stock he purchased and left it with the seller. Pursuant to the terms of this contract, the plaintiff was elected a director of the corporate defendant and its secretary, and entered upon Ms duties as an employee at the salary of $115 per week.
According to the plaintiff’s complaint, the defendants thereafter violated said contract by refusing to pay him the salary therein specified, turning over the corporate books to him as secretary of the corporation, changing the lock of the premises and establishing a separate bank account, among other things. It is further alleged that the defendant Bose Goldberg refused to return to the plaintiff such of the notes mentioned above as he had paid, claimed that he was in default and thereupon exercised her option, as provided in paragraph “ 2 ” of said contract, to demand immediate payment of the entire balance of the consideration for the 50 shares purchased by the plaintiff, as aforesaid. When she arranged for the sale of said shares at a public auction to be held on November 1, 1960, to satisfy such balance, plaintiff instituted this action and moved by order to show cause dated October 14,1960, for the appointment of a temporary receiver and to restrain the sale of said shares. This motion was denied by a decision of Mr. Justice James J. Conboy dated October 24, 1960, followed by an order of denial dated October 27, 1960. Thereupon, in order to prevent the sale of said shares at public auction, the plaintiff paid to the defendant Bose Goldberg the balance due, auctioneer’s expenses of $70 and interest in the sum of $17.85, or a total of $3,382.85.
The defendants served their answer on or about November 4, 1960. On the same day, the plaintiff caused to be served upon the defendant Bose Goldberg a written notice demanding arbitration in accordance with paragraph “ 12 ” of the contract dated June 9, 1960, referred to above, as to the following claims:
‘ ‘ 1. All salaries due and unpaid commencing the week of August 29, 1960, at $115.00 per week.
“ 2. Auctioneer fee of $70.00 and interest of $17.85 improperly charged to plaintiff.
“ 3. A return of the sum of $3,295.00 less the actual amount of notes due and owing as of the date of the determination of this proceeding.
“ 4. A determination that the undersigned has the right to hold the books and records of the corporation, stevens cabpet shop, inc., as its Secretary.”
By order to show cause dated November 23, 1960, the defendants moved to stay arbitration pursuant to said notice. By *1072 cross motion, the plaintiff moved for leave to reargue and ■renew his motion for a temporary receiver on the ground that new facts establish that the corporate defendant will otherwise be irreparably damaged-and destroyed, and that if the defendants’ motion to stay arbitration is granted, for an order permitting the plaintiff to serve an amended complaint in the form annexed to the motion papers.
By bringing suit, a plaintiff generally irrevocably waives and abandons any right to arbitration. Unless compelled to do so, he cannot later change his mind and compel arbitration once he has waived'it by bringing .the action. (Matter of Young v. Crescent Development Co., 240 N. Y. 244, 251 ; Matter of Cooper Hats [Kadis], 285 App. Div. 937, affd ; 309 N. Y. 705.)
Plaintiff urges, in opposition to the motion to stay arbitration, that he did-not-waive his right to arbitration by instituting the action described above and unsuccessfully moving for the appointment of á receiver and for a temporary injunction. The opinion cited, in support of this proposition, however (La Hay, Inc. v. Pathe Exch., 237 App. Div. 468, 470, affd. 262 N. Y. 483), expressly noted that in that case the bringing of an equity suit by the plaintiff did not constitute a waiver under the arbitration clause ‘1 particularly since that action was discontinued with the consent of both parties prior to the institution of this proceeding.” (Emphasis supplied.) Of course, in the case at bar the action brought by the plaintiff has not been discontinued, was pending at the time that the demand for arbitration was served and, indeed, the plaintiff has now moved for leave to reargue and renew his unsuccessful motion for the appointment of a receiver. Moreover, the disputes claimed by the plaintiff to be referable to arbitration under the aforesaid contract necessarily flow from the issues presented in the action in which the plaintiff claims that the defendants, including the defendant Bose Goldberg, breached the self-same contract. Under these circumstances, the motion to stay arbitration is granted.
The cross motion of the plaintiff for leave to amend his complaint in the form proposed is granted, said-amended complaint to be served within five days after the service of a copy of the order, with notice of entry thereof.
Insofar as the plaintiff seeks leave to reargue and renew his prior motion for the appointment of a temporary receiver, it is respectfully referred to Mr. Justice James J. Conroy, who made the original disposition.