■ OLSEN & CHAPMAN CONSTRUCTION CO., INC., Appellant, v. VILLAGE OF CAZENOVIA et al., Respondents.— COOKE, J. Appeal from an order of the Supreme Court at Special Term, entered February 14, 1969 in Madison County, which stayed further proceedings in the action and ordered that the parties proceed to arbitration. Plaintiff and defendant village entered into a contract for the construction of sewer and water systems which provided: "The Contractor * * * agrees that the Engineer shall be the interpreter of the Contract and all the work contemplated and described therein shall be so done as to satisfy the Engineer that the intent of the Contract is fulfilled. The Engineer shall promptly render impartial decision on all claims of either party against the other and on all other matters governed by this intent, including questions as to the execution and progress of the work, the quality and fitness of equipment, materials and workmanship, the suitability of methods, and costs and values. The determination and decision of the Engineer shall be final, conclusive and binding on all parties to the Agreement, and shall be a condition precedent to the right of the Contractor to receive any money hereunder." It was also agreed that: "In case of any ambiguity in this Agreement or the other Contract Documents the matter must be immediately submitted to the Engineer and the Engineer's decision in relation thereto shall be final and conclusive upon all the parties to this Agreement." The village appointed the individual defendants as engineers to draw the contract plans and specifications

and to supervise the construction of said systems. A dispute arose regarding the installation of additional sheeting and bracing, for which plaintiff contractor claimed an additional $18,754.80, culminating in the commencement of this action against the village and the engineers for a declaratory judgment as to whether the sheeting and bracing constituted " additional work " under the contract terms. Defendant village having served a demand for arbitration by mail on plaintiff's attorney, to which there was no response, it moved to compel arbitration pursuant to an order to show cause directing service by mail on plaintiff's attorney. Not only may an application to compel arbitration be instituted by commencement of a special proceeding, but it may be initiated also by motion in an action already pending in a court having jurisdiction to hear a motion to compel arbitration (CPLR 7502, subd. [a]; CPLR 7503, subd. [a]; Wachtell, New York Practice Under the CPLR [2d ed.], pp. 365–366; Practice Commentary by Peter W. Thornton, McKinney's Cons. Laws of N. Y., Book 7B, CPLR 7502, p. 480). The motion of defendant village having been made in a pending action, service pursuant to CPLR 2103 and 2214 was proper since the court already had acquired jurisdiction over the parties (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.03; 22 Carmody-Wait 2d, New York Practice, § 141:48). Defendant village having moved to compel arbitration in an action already pending, rather than having commenced a special proceeding, CPLR 404 is not applicable. Neither can it be said, on undisputed facts and documents, that defendants waived their right to arbitrate, in view of their answers in which they at all times asserted the right (*Nagy* v. *Arcas Brass & Iron Co.*, 242 N. Y. 97; *Matter of Hosiery Mfrs. Corp.* v. *Goldston*, 238 N. Y. 22, 27; *Hamilton & Co.* v. *American Home Assur. Co.*, 21 A D 2d 500, 503, affd. 15 N Y 2d 595) and their pending cross motions for summary judgment dismissing the complaint on the ground that the contract contained arbitration provisions (cf. *Matter of Haupt* v. *Rose*, 265 N. Y. 108, 110–111), nor was there any unreasonable delay or laches apparent in applying for arbitration (cf. *Short* v. *National Sport Fashions*, 264 App. Div. 284). The spirit of arbitration law being the fuller effectuation of contractual rights, the method for selecting arbitrators and the composition of the arbitral tribunal have been left to the contract of the parties, which the courts are required to enforce (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58, 61–62; *Kushlin* v. *Bialer*, 32 A D 2d 217, 218). Since a known interest does not disqualify an arbitrator and a party may not complain merely because the arbitrator named was chosen with a view to a particular relationship to one of the parties or to the subject matter of the controversy (*Matter of Astoria Med. Group* [*Health Ins. Plan of Greater N. Y.*], 11 N Y 2d 128, 133), the engineers were not ineligible to act. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.