Jasen, J.
(dissenting). I would reverse the order of the Appellate Division and reinstate the order of Special Term.
However viewed, the unusual facts of this ease would, as the majority holds, permit persons aggrieved to gamble on two alternative procedures. It has always been of the essence of dispute determination in or out of the courts that such gambling and doubling of the burden of litigation not be permitted. It is one of the clearest kinds of “ unfairness ” to which man is sensitive. Hence, the persistence of the related doctrines, each involving a rather elemental concept of justice, of res judicata, collateral estoppel, waiver of remedies, election of remedies, and estoppel based on contrary positions asserted in litigation.
It is only transparent hairsplitting by the Teachers Association which allows it to argue that its grievance is different from that of the individual teacher. Of course, a transaction *608 may have aspects which affect an individual differently from his organized group or the other way around. This circumstance may give hoth standing to pursue one or another or the same remedy, "but does not mean that both have entirely disparate “ claims ” or “ causes of action ”. Certainly if litigation judgments or arbitration awards were already involved, the parallel procedures in this case would require the application of collateral estoppel. Moreover, it is a commonplace that because there may be alternative remedies it does not mean different “ claims ” or “ causes of actions ” are involved. And, of course, if there are alternative remedies, they, by definition, will not be “ identical ”.
If one reverses the results in these two parallel proceedings, the fallacy is exposed. If either of the “ parallel ” proceedings had terminated in favor of the teacher or the association, the teacher or the association would have had an unassailable right to disregard or stay an unfavorable result in the other proceedings.
That these principles of fairness apply equally in the arbitration context is clear. Where a party commences an action to resolve a controversy, it waives its right to seek arbitration of the -same matter. (Matter of United Paper Mach. Corp. [Di Carlo], 19 A D 2d 143, affd. 14 N Y 2d 814; cf. Matter of Cooper Hats, Inc. [Kadis], 309 N. Y. 705.) Likewise, institution of proceedings before an administrative agency should for this purpose be treated no differently. (Matter of Western Express Co. [Int. Brotherhood of Teamsters, Local 294, A. F. of L.], 277 App. Div. 928.) Such a waiver furnishes adequate grounds for an opposing party to obtain a stay of arbitration proceedings under CPLR 7503. (See Sussman v. Goldberg, 28 Misc 2d 1070.)
Here, the Teachers Association pursued parallel routes in an attempt to have this teacher appointed to fill the specified vacancy.[1] Both proceedings arose out of the same action taken *609 by the school district, and both sought identical relief, namely, the appointment of this teacher to fill the vacancy. Having pursued an appeal to the commissioner on the only two substantive issues involved herein, namely, whether the school district had breached the collective bargaining agreement and whether it violated the teacher’s statutory rights under section 2510 of the Education Law,*
[2] the Teachers Association should be held to have waived its right to pursue redress of the alleged wrong by invoking the four-part grievance procedure which would lead ultimately to arbitration.[3]
Such a waiver of the right to arbitrate does not require inadvertence. On the contrary, most of the eases in which waiver has been found have arisen where the suitor was very consciously trying to have the best of both worlds — under arbitration, unlimited by rules of substantive law or evidence, and a more restricted remedy in the courts or before an administrative agency, as here.
Hence, I would hold that the Teachers Association, by pursuing the appeal to the commissioner on two separate and distinct grounds, waived its right to seek arbitration.
Judges Gabbielli, Wachtleb, Rabin and Stevens concur with Judge Jones; Judge Jasen dissents and votes to reverse in a separate opinion in which Chief Judge Bbeitel concurs.
Order affirmed, with costs.

. I am not persuaded by the Teachers Association’s argument that the parties in the two proceedings are different. It appears that the association completely controlled the teacher’s appeal before the commissioner. In a collateral estoppel context, a person who controls the conduct of the litigation in furtherance of his own self-interest has had his day in court and should be bound by an adverse judgment even though he is not a party of record or technically in privity with *609 a party. (See 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.33; Note, Developments in the Law — Res Judicata, 65 Harv. L. Rev. 818, 856; Restatement, Judgments, § 84; cf. Watts v. Swiss Bank Corp., 27 N Y 2d 270 [res judicata].)

. The fact that in the appeal to the commissioner the issue of a violation of the collective bargaining agreement was later withdrawn is not significant. This withdrawal indicates the Teachers Association’s cognizance of their error. I view this withdrawal as nothing more than a belated attempt to create the impression that the two proceedings involved distinct and separate issues.

. I do not think it significant that arbitration could he sought only once the initial three stages of the grievance procedure had been exhausted as these three stages were merely contractual conditions precedent to arbitration.