■ MARVIN J. PLATEIS, Appellant, v JOHN J. FLAX et al., Respondents. —Appeal from an order of the Supreme Court at Special Term, entered March 10, 1976 in Albany County, which denied plaintiff's motion for an

order appointing a temporary receiver and, further, directed the parties to proceed to arbitration pursuant to their partnership agreement. The plaintiff and defendants were practicing together as accountants under the terms of a partnership agreement which provided, *inter alia,* that any dispute over its meaning or performance shall be arbitrated. On October 3, 1975 Marvin Plateis, plaintiff, commenced this action to dissolve the partnership. Before answering, the defendants made a stipulation with plaintiff on October 20 intended to permit an amicable settlement. On November 10 defendants served their answer, although at that time both they and plaintiff apparently still intended to settle the dispute without litigation. The answer, in addition to certain denials, asserted that defendants had "not waived their right to arbitration." By the end of December plaintiff decided that defendants were misappropriating firm funds and thereby not honoring the stipulation. He sought, by order to show cause dated December 31, 1975, an order appointing him temporary receiver of the partnership assets. No formal notice of cross motion was made by defendants. However, the affidavit of defendants' counsel submitted in opposition at the oral argument requests that "plaintiff be directed to proceed to arbitration pursuant to the partnership agreement." On appeal plaintiff argues that Special Term improperly ordered arbitration because: (1) defendants waived their right to arbitration by entering into the October 20 stipulation; (2) in any event, the failure to formally cross-move precluded the trial court from granting affirmative relief to defendants. A defendant's unreasonable delay in asserting the right to arbitration may amount to his waiver of that right (8 Weinstein-Korn-Miller, NY Civ Prac, par 7503.16). A waiver may also be found where "the defendant's participation in the lawsuit manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case * * * Thus, entering a stipulation to extend the time to answer is a purely defensive action and is not inconsistent with a later attempt to force arbitration. *(Matter of Haupt v. Rose,* 265 N. Y. 108.) In contrast, contesting the merits * * * is an affirmative acceptance of the judicial forum and waives any right to a later stay of the action. *(Gold Plastering Co. v. 200 East End Ave. Corp.,* 282 App. Div. 1073, affd. 307 N. Y. 668)." *(De Sapio v Kohlmeyer,* 35 NY2d 402, 405.) The stipulation entered into by defendants in this case was designed to quickly resolve the dispute without resort to either trial or arbitration. It certainly 'was not the sort of contest on the merits which was held a waiver in the *Gold Plastering Co.* case mentioned in the above quotation. Moreover, the defendants here clearly insisted on their right to arbitration in their answer, thereby precluding any inference they had waived that right in the previous stipulation (see *Nagy v Arcas Brass & Iron Co.,* 242 NY 97; *Kalin Contr. Co. v Picram Constr. Corp.,* 8 AD2d 637). As for plaintiff's contention that defendants failed to serve a notice of cross motion, it is true that such a notice should have accompanied defendants' counsel's affidavit in opposition to the motion (CPLR 2215, 7503, subd [a]). "It is not as a rule sufficient to demand such relief in opposing affidavits or memoranda; an outright notice is required, to avoid any surprise at all to the original movant." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 2215:1, p 107.) However, the absence of a separate notice of cross motion here does not warrant reversing the order. The defendants had demanded arbitration in their November 10 answer as well as their counsel's January 6 (return date) affidavit in opposition. The chance of surprise to plaintiff was thus small. But, whatever surprise there may have been was unquestionably cured by Special Term's accepting plaintiff's reply affidavit, dated January 28. Defendants contend

on this appeal, and plaintiff does not deny, that the demand for arbitration was orally made at the argument on January 6. Since the defect in defendants' papers could not have prejudiced any substantial right of plaintiff, Special Term could properly disregard it (CPLR 2001). Order affirmed, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.