Stanley L. Sklar, J.
The defendant and interpleading plaintiff, Stephen L. Packard (Packard) moves for an order authorizing him to deposit into court funds which he is presently holding as an escrow agent, discharging him from further liability and awarding him his costs.
The plaintiff, Jade Press, Inc. (Jade) cross-moves for summary judgment.
The interpleaded defendant, Windjammer Fashions, Inc. (Windjammer) cross-moves for an order directing Packard to deposit the escrow funds with the American Arbitration Association (AAA) and staying further proceedings in this action pending arbitration.
*821 The facts underlying this bundle of applications may be briefly summarized.
Jade and Windjammer entered into a written agreement dated May 26, 1976. Packard, as escrow agent, was also a party. The agreement provided for the purchase of certain goods by Windjammer, with $5,000 of the purchase price being held in escrow. Windjammer was to notify Jade within one week of the receipt of the goods of any claimed defects. Any disputes as to defects were to be referred to the AAA.
The goods were received and, at some point, Windjammer claimed that the goods were defective.
Jade instituted the instant action against Packard, as escrowee, claiming that no notice of defect was given within the limited time permitted by the agreement. (Of course, the dispute is between Jade and Windjammer, Packard is only a stakeholder.) Packard interpleaded Windjammer.
Windjammer served an answer to the interpleading complaint in which it alleged that the issues raised in this action have been referred to arbitration by an order of the Supreme Court, New York County, entered in an action in that court instituted by Windjammer against Jade and others. Windjammer also served a notice to take the deposition of Jade.
The instant motion and cross motions were then made. The critical issue involved in these applications is whether further proceedings in this action must be stayed pending arbitration.
Jade claims that the dispute is not arbitrable. If correct, it urges that summary judgment should be granted in its favor. Jade claims that the dispute cannot now be referred to arbitration for two reasons.
First, Jade argues that arbitration may not be compelled because of the absence of a bona fide dispute, since a notice of defect regarding the goods was not timely given by Windjammer. As noted above, Windjammer claims that a notice of defect was served, but it does not clearly state when it was served.
Jade’s argument must be rejected. The doctrine that a court could not refer a matter to arbitration until it first ascertained whether a bona fide dispute is present was enunciated in Matter of International Assn. of Machinists (Cutler-Hammer) (297 NY 519). The rule was abrogated by the enactment of section 1448-a of the Civil Practice Act now found in CPLR 7501. CPLR 7501 states, in part: "In determining any matter *822 arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute.”
CPLR 7501 clearly prohibits the court from inquiring into the bona ñdes of the dispute.
Second, Jade argues that arbitration may not be had because Windjammer waived arbitration by serving a notice of deposition of Jade. This argument must also be rejected.
The right to compel arbitration is waived by taking any action in a litigation that is deemed unequivocal and a sufficient use of the judicial process so as to be inconsistent with the intention to arbitrate. The reported opinions have covered a spectrum of acts, from those acts deemed unequivocal and inconsistent with an intention to arbitrate (e.g., Matter of Zimmerman v Cohen, 236 NY 15 [defendant answered, set up affirmative defenses, served a notice of trial, obtained an order for the issuance of a commission to take testimony, and the commission issued]; De Sapio v Kohlmeyer, 35 NY2d 402 [the procuring of a deposition]; Matter of Young v Crescent Dev. Co., 240 NY 244 [filing of a mechanic’s lien]) to those acts deemed tentative, equivocal and not inconsistent with the right to arbitrate (Short v National Sport Fashions, 264 App Div 284 [defendant’s counsel, under time pressure, served an answer amounting to a general denial — defendant knew that the answer could be amended as of right]; Kalin Contr. Co. v Picram Constr. Corp., 8 AD2d 637 and Plateis v Flax, 54 AD2d 813 [arbitraton not waived by an answer in which the right to arbitrate is affirmatively set forth]; Matter of Terminal Auxiliar Maritima, S.A. [Winkler Credit Corp.], 6 NY2d 294 [the Court of Appeals stated pp 299-300 that "it is doubtful that the mere entering of a general appearance by a defendant and the posting of a bond to secure the payment of any judgment which might be recovered would constitute such a waiver— particularly when the serving of an answer and the making of a motion to dismiss the complaint does not. (See, e.g., Matter of Haupt v. Rose, 265 N.Y. 108, supra; Short v. National Sport Fashions, 264 App. Div. 284.) We need not, though, decide that question”.)
Research has not revealed an opinion determining where in the spectrum the act of serving a notice to take deposition should be placed. Although preliminary to the actual conduct of a deposition, a notice to take deposition can be withdrawn. It is tentative and inchoate. Particularly when, as here, it is *823 accompanied by an answer that affirmatively alleges a right to arbitrate, service of a notice to take deposition does not constitute a waiver of the right to arbitrate.
The instant applications are accordingly disposed of as follows: Jade’s cross motion for summary judgment is denied since the court cannot inquire into the merits of the dispute. Pursuant to CPLR 2601 Packard is ordered to deposit the sum of $5,000, presently held by him in escrow, with the clerk of this court, within 30 days after entry of this order. Said funds shall be held by the clerk subject to further order of the court after completion of arbitration proceedings. All further proceedings in this action are hereby stayed pending arbitration before the AAA of the dispute herein between Jade and Windjammer.