OPINION OF COURT
George L. Cobb, J.
In this negligence action, the motion of defendant Hudson City Savings Bank, made pursuant to CPLR 3216 to dismiss the complaint herein for failure to prosecute, will be denied.
Movant served the 45-day notice described in CPLR 3216 (subd [b], par [3]) more than 45 days prior to the first yearly anniversary of the joinder of issue and while the authors of one well-recognized text apparently condone that practice (4 Weinstein-Korn-Miller, NY Civ Prac, pars 3216.07, 3216.12), Professor Siegel studiously avoids giving it his approval (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3216, C3216:16). The court believes that the service of a *890 45-day demand which would expire prior to the expiration of the one year after joinder of issue should not be permitted because the practice is inconsistent with the assumption in the readiness rules (e.g., 22 NYCRR 861.10) that there be a reasonable period of time after the joinder of issue for the completion of preliminary proceedings before any party files a note of issue. If a party could effectively demand that his opponent file a note of issue immediately after the joinder of issue, that assumption is destroyed. Accordingly, this 45-day notice was prematurely served and will be deemed to be wholly ineffective.
The court notes the request in the affidavit submitted by the attorney for the defendant City of Hudson that the court grant an order dismissing the instant complaint as to said defendant for failure to prosecute. However, said defendant has not, and cannot, demonstrate that the "party seeking such relief * * * [has] * * * served a written demand * * * requiring the party against whom such relief is sought to assume prosecution of the action” as demanded by CPLR 3216 (subd [b], par [3]). Furthermore, no cross notice of motion has been served as demanded by the applicable rule (CPLR 2215; cf. Plateis v Flax, 54 AD2d 813).